MUSKEGON HARDWARE & SUPPLY COMPANY *v.* GREEN.

1. Workmen's Compensation—Subrogation—Retroactive Amendment.

    The legislature intended that an amendatory act which abolished the prior employer's subrogation section under the workmen's compensation law and substituted therefor a new version would have sufficient retroactive effect to apply to claims which had arisen prior to the amendment (CL 1948, § 413.15, as amended by PA 1952, No 155).

---

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation §§ 33, 357 *et seq.*
[2] 50 Am Jur, Statutes § 552.
[3, 4, 7] 58 Am Jur, Workmen's Compensation § 368.
[5] 39 Am Jur, Parties § 24 *et seq.*
[6] 58 Am Jur, Workmen's Compensation § 357 *et seq.*
[8] 34 Am Jur, Limitation of Actions §§ 270, 271.
[8] Change in party after statute of limitations has run.   8 ALR2d 6.
[9] 15 Am Jur, Damages §§ 303, 309.
[10] 58 Am Jur, Workmen's Compensation § 543.

2. ACTION—REFERENCE TO REPEALED SECTION OF STATUTE—PLEADING.

The fact that plaintiff referred specifically to a section of an act impliedly repealed by an amendatory act in the original and amended declarations does not vitiate its cause of action, if in fact there was one (CL 1948, § 413.15, as amended by PA 1952, No 155).

3. SAME—SUBROGATION—WORKMEN'S COMPENSATION—PARTIES.

The subrogation provision of the workmen's compensation act, as amended, permitting the employer or its compensation insurance carrier to bring an action against a third-party tort-feasor after the expiration of a year does not prevent the employee or his dependents from instituting an action after the year has elapsed (CL 1948, § 413.15, as amended by PA 1952, No 155).

4. PARTIES—REAL PARTY IN INTEREST—SUBROGATION—WORKMEN'S COMPENSATION ACT.

An employer or its workmen's compensation insurance carrier has a sufficient interest in an action against a third-party tort-feasor to prosecute an action under the subrogation provision of the workmen's compensation act as a real party in interest (CL 1948, § 413.15, as amended by PA 1952, No 155; § 612.2).

5. SAME—PARTIES IN INTEREST—JOINDER.

Any party in interest has a right to join in an action at law (CL 1948, § 612.2).

6. SUBROGATION—WORKMEN'S COMPENSATION—ACTION.

The subrogation provision of the workmen's compensation act does not create a new cause of action against an allegedly negligent defendant.

7. SAME—ADDITION OF PARTIES PLAINTIFF—ENLARGEMENT OF LIABILITY—STATUTE OF LIMITATIONS.

The addition of dependents and legal representative of the estate of deceased employee as parties plaintiff to action by employer and its workmen's compensation insurance carrier against third-party tort-feasor neither changed nor enlarged the liability of the defendant under the subrogation provision of the workmen's compensation act, where it provided that excess of recovery over amount paid out in workmen's compensation should be paid over to the employee or his dependents or personal representative, hence, amendment adding such parties dates back to the date of the institution of the suit, the day before the statute of limitations barred the action (CL 1948, § 413.12, as amended by PA 1952, No 155; §§ 609.30, 612.2).

8. LIMITATION OF ACTIONS—JOINDER OF PARTIES IN INTEREST AFTER
   STATUTE HAD RUN—RELATION BACK TO COMMENCEMENT OF SUIT.
   The failure to join persons asserting a joint interest in the first
   instance and their addition after the statute of limitations had
   run, does not preclude substitution or let in, as to them, the
   defense of the statute, since the amendment is said to relate
   back to the commencement of the original suit and the opera-
   tion of the statute conditionally suspended (CL 1948, § 609.3).

9. PLEADING—AMENDMENT—DAMAGES.
   It is within the discretion of the trial court to permit plaintiff
   to amend the *ad damnum* clause of the original declaration to
   claim a greater amount of damages.

10. COSTS—CONSTRUCTION OF STATUTES.
    No costs are allowed in subrogee's action against third-party
    tort-feasor under the workmen's compensation act, a question
    of statutory construction being involved (CL 1948, § 413.12,
    as amended by PA 1952, No 155; §§ 609.30, 612.2).

Appeal from Muskegon; Fox (Noel P.), J. Sub-
mitted June 15, 1955. (Docket No. 44, Calendar No.
46,476.) Decided October 3, 1955. Rehearing denied
December 1, 1955.

Case by Muskegon Hardware & Supply Company,
a Michigan corporation, for the use and benefit of
Hardware Mutual Casualty Company, a foreign
corporation, James M. Fitzpatrick, administrator of
the estate of George E. Eggers, and Frances H.
Eggers, widow of George E. Eggers, deceased,
against Carl Green. Suit originally entered by first-
named plaintiff. Order entered permitting addition
of last two parties plaintiff under amended statute,
and permitting amendment of declaration, including
increase of *ad damnum* clause. Motion to dismiss
denied. Defendant appeals. Affirmed.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for
plaintiffs.

*Raymond J. Engle* and *Albert J. Engle, Jr.,* for
defendant.

Butzel, J. Muskegon Hardware & Supply Company, a Michigan corporation, as plaintiff, for the use and benefit of the Hardware Mutual Casualty Company, a Wisconsin corporation, brought suit against Carl Green to recover the amount paid to Frances H. Eggers, widow of George E. Eggers, for workmen's compensation in accordance with an award which ordered payment to her of $24 a week for a period not to exceed 400 weeks plus $300 for burial expenses. The award is not contested and $3,972 was paid up to the institution of this suit. Eggers met his death out of and in the course of his employment as the result of injuries sustained in an automobile accident which it is alleged occurred on April 18, 1951, through the fault and negligence of defendant Green. There is no claim that plaintiff was estopped from bringing the suit because, as appears in appellant's brief, of a previous suit which was dismissed by consent with prejudice. The present suit was instituted on April 17, 1954, just within the statutory period of limitations.

In the original declaration plaintiff claimed damages in the sum of $12,000 from defendant, a third party, alleging that his negligence caused the death of George E. Eggers. Plaintiff set forth the compensation payments it had made and would thereafter be obliged to make to Frances H. Eggers. Neither the deceased's widow nor his personal representative were parties to this suit as originally begun. Plaintiff specifically based its claim upon workmen's compensation act, part 3, section 15 (CL 1948, § 413.-15 [Stat Ann § 17.189]), which permitted the employer for the benefit of his insurance carrier to recover the amounts paid for compensation from a third-party tort-feasor if the latter's negligence had caused the injury to the employee.

However, on April 17, 1954, when the instant suit was begun workmen's compensation act, part 3, sec-

tion 15, *supra,* had been previously amended by PA 1952, No 155 (CLS 1954, § 413.15, Stat Ann 1953 Cum Supp § 17.189), pertinent parts of which will be hereafter quoted. In his answer to plaintiff's declaration defendant contended that plaintiff failed to state a cause of action by reason of the fact that the statute specifically alleged as the basis for the action had been impliedly repealed by PA 1952, No 155, *supra,* which contained no saving clause. At the pretrial hearing the question was argued. However, prior to a decision thereon plaintiff filed motions to amend the declaration and to add as parties plaintiff the widow and personal representative of the deceased employee. After a hearing on these motions the court permitted the filing of an amended declaration with the additional parties plaintiff and denied defendant's motion to dismiss. This occurred after the 3-year statute of limitations had expired. We allowed an appeal from this order.

In *Rookledge* v. *Garwood,* 340 Mich 444, 454, we ruled in regard to PA 1952, No 155, *supra,* that:

"The legislature, in adopting the new section 15, completely abolished the prior section and must, therefore, have intended that the amendment to the act would have sufficient retroactive effect to apply to claims which had arisen prior to the enactment."

We reiterated and followed this principle in *Horn* v. *Davis Bros., Inc.,* 340 Mich 460. Hence, insofar as plaintiff's cause of action is concerned, it is governed by PA 1952, No 155. The fact that plaintiff referred specifically to the repealed act in its original and amended declarations does not vitiate its cause of action if in fact there was one. See *Jorgensen* v. *Grand Rapids & Indiana R. Co.,* 189 Mich 537; *Missouri, Kansas & Texas R. Co.* v. *Wulf* (1913), 226 US 570 (33 S Ct 135, 57 L ed 355, Ann Cas 1914B, 134).

The workmen's compensation act, as amended by PA 1952, No 155, provides that:

"If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person."

Plaintiff did not originally bring suit in the name of the deceased but sought to add the widow and personal representative after the 3-year statute of limitations had run. CLS 1954, § 609.13 (Stat Ann 1953 Cum Supp § 27.605). Defendant initially argues that the original declaration did not state a cause of action under the new statute, and therefore, could not be amended after the statute of limitations, because not brought in the name of the employee or his dependents or his personal representative.

The statute apparently does not eliminate the employee's right to bring an action after 1 year has elapsed from the occurrence of the injury but merely allows the employer or insurer also to bring an action after that year has elapsed. Thus it is contemplated that either may commence an action, but that the employer or insurer *may* bring the action in the name of the employee. Appellants argue that the employer or insurer *must* do so. The statute as a whole does not point to such a conclusion. It provides:

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death

only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits."

It is thus apparent that the employer or insurer has a sufficient interest to prosecute an action under this statute as the "real party in interest." CL 1948, § 612.2 (Stat Ann § 27.654). We cannot say that the failure to bring the suit originally in the name of the widow or personal representative is fatal. It may be noted that the statute itself is liberal in character providing that "Any party in interest shall have a right to join in said suit." We have stated that the 1952 act did not create a new cause of action against an allegedly negligent defendant. *Rookledge* v. *Garwood, supra,* at 456; see *Foster* v. *Buckner* (CCA, 1953), 203 F2d 527.

The primary question in this case is whether the addition of the parties added a new cause of action barred by the statute of limitations. From the quoted provisions of the statute it is apparent that the addition of the employee or his dependents or his personal representative neither changes nor unduly enlarges upon the liability of the defendant to the employer or insurer, or at all. The entire question arose out of a single occurrence—the death of George E. Eggers as a result of the alleged negligence of the defendant. The extent of recovery permitted by the act, the theory of the action, the issues, the evidence, the measure of damages and amount of recovery, as well as the final disposition of the proceeds can be the same whether the employee or his

dependents or personal representative are parties
or not.. Therefore a new cause of action was not
added and the amendment dates back to the date of
the institution of the suit. See *Sayre* v. *Detroit,
Grand Haven & Milwaukee R. Co.,* 205 Mich 294, 313;
*Stowe* v. *May,* 247 Mich 566; *Kerr* v. *City of Detroit,*
255 Mich 446. The addition of the parties was mere-
ly the addition of parties having a joint interest with
the original plaintiff in the proceeds of the recovery.

In an extensive annotation on this general subject
which follows the case of *King* v. *Solomon,* 323 Mass
326 (81 NE2d 838, 8 ALR2d 1), the writer makes the
following statement which is supported by a great
mass of authority:

"However, where the addition of new parties plain-
tiff is made necessary because of a failure to join
persons asserting a joint interest in the first in-
stance, the general rule seems to be that the fact
that the amendment was not made until after the
statute had run does not preclude substitution or
let in, as to them, the defense of limitations, since
the amendment is said to relate back to the com-
mencement of the original suit and the operation of
the statute to be conditionally suspended." 8 ALR
2d 34.

In a case somewhat similar to the one at bar the
Illinois court permitted the addition of the injured
employee after the statute of limitations had run.
*Geneva Construction Co.* v. *Martin Transfer & Stor-
age Co.,* 351 Ill App 289 (114 NE2d 906).

While it is true that the *ad damnum* clause of $12,-
000 in the original declaration was raised to $25,-
000 in the amended declaration, it was permissible
to do so. *Daines* v. *Tarabusi,* 250 Mich 217; *Hesse*
v. *Diehl,* 279 Mich 168; CL 1948, § 616.1 (Stat Ann
§ 27.838).

The order appealed from is affirmed, without costs, a question of statutory interpretation being involved.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.