James W. HARRIS, Plaintiff,

Great American Insurance Company, Applicant for Intervention,

v.

GENERAL COACH WORKS, a corporation, Defendant.

Civ. A. No. 24034.

United States District Court
E. D. Michigan, S. D.

Sept. 15, 1964.

Dean A. Robb, of Goodman, Crockett, Eden, Robb & Philo, Detroit, Mich., for plaintiff Harris.

William D. Fazenbaker, Flint, Mich., for proposed intervenor, Great American Insurance Co.

Albert A. Miller, of Garan, Lucow & Miller, Detroit, Mich., for defendant General Coach Works.

TALBOT SMITH, District Judge.

The motion before us is that of the Great American Insurance Company, the compensation carrier of the plaintiff's employer (Jimmie Harris, Inc.), to intervene in the action now pending between the employee, James W. Harris, plaintiff, and General Coach Works, the alleged tortfeasor, defendant. The plaintiff opposes the intervention.

The proposed intervenor seeks to intervene in this action because "(it) is the Workmen's Compensation insurance carrier of the employer of the plaintiff, James W. Harris, the presentation of which by the plaintiff, James W. Harris, may be inadequate and Great American Insurance Company may be bound by the judgment in this action."

It was held long ago that where the other requirements of that rule are fulfilled, a compensation carrier has a right to intervene under Rule 24(a) where it has the right of subrogation under state law against any recovery by the injured employee against a third party. Sloan v. Appalachian Electric Power Co., 27 F.Supp. 108 (D.C.W.Va. 1939).

The applicable Michigan Statute is M.S.A. § 17.189, C.L.1948, § 413.15, Pub. Acts, 1952, No. 155, which after providing a right to bring an action in the name of the injured party where he fails to so do and the right to join in such an action whether brought by the employer or the insurance company, provides:

"Any recovery against a third party for damages resulting from personal injuries * * *, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall * * * be paid to the employee * * *."

The proposed intervenor seeks to implement the above state created right under Rule 24(a) and (b) of the Federal

Rules of Civil Procedure, providing in relevant part as follows:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *

"(b) Permissive Intervention. * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

Under the above quoted statute, the proposed intervenor is clearly a party in interest who "is or may be bound by a judgment in the action". The application for intervention was timely and under the circumstances of this case the applicant has shown to our satisfaction that the representation of his interests "may be inadequate" within the requirements of Rule 24(a). Kozak v. Wells, 278 F.2d 104, 84 A.L.R.2d 1400 (8th Cir. 1960). Rule 24(b) as well allows intervention in the event of a common question of law or fact. In the Sloan case, supra, the court held that where an employee receiving compensation under a workmen's compensation statute brings a suit for negligence against a third party (the precise situation we have here) such a common question of law and fact can be said to exist that the compensation carrier who has a right of subrogation under state law may intervene under Rule 24(b) governing permissive intervention.

The inter-relation of the above quoted statute and rules is clear. The insurance company, as a compensation carrier, has a right of subrogation under Michigan law and as such under the authority of both Rules 24(a) and 24(b)

of the Federal Rules of Civil Procedure is entitled to intervene where the requirements of those rules have been met, as we have so held. The Great American Insurance Company may intervene.

This ruling, however, brings us only to the threshold of the argument between the parties. The real bone of contention relates to the scope of the intervention. The intervening plaintiff seeks to be so captioned in the suit and to participate in the trial. (There is also an argument over attorneys' fees which we will handle in due course, if the parties cannot.) The plaintiff, on the other hand, says essentially that it is his lawsuit, not the insurance company's, and that his interests will be jeopardized if it is known by the jury that an insurance company has made certain payments to plaintiff and has a stake in the recovery, if any there be.

Sitting in this diversity matter, enforcing a state-created right, we are, in effect, "only another Court of the State". Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). As such our duty is found in trilogy of cases, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Guaranty Trust of New York, supra, and Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958). We do not attempt any broad reconciliation of all that is found in these cases, if indeed that were possible.[1] But whether tested by the early and ambiguous "substantive-procedural" dichotomy of Erie, the "outcome determinative" test of Guaranty Trust of New York, which, taken literally, would require complete conformity of Federal with State procedure,[2] or the later, more sophisticated balancing-of-interests test of Byrd, or combinations thereof, we are satisfied that this matter

1. See Blume and George, Limitations and the Federal Courts, 49 Mich.L.Rev. 937, 953 (1951).

2. See Blume and George, Limitations and the Federal Courts, 49 Mich.L.Rev. 937, 953 (1951).

should be governed by the state practice. The rights asserted relate to the management and conduct of the trial itself, here a jury trial, a matter which would seem to be an integral part of the state-created right. We find no strong countervailing federal policy. And so far as other states are concerned, the views of their courts as to the impact of insurance disclosure upon damage recovery are interesting and helpful, but viewpoints and policies in different areas of the country are as variant as their climates. This case is being tried in a Michigan Court by Michigan counsel before a Michigan jury, and the views of the Michigan Supreme Court will dictate our ruling herein. We proceed, then, to an examination of the Michigan authorities.

In the case McCullough v. Ward Trucking Company, 368 Mich. 108, 117 N.W.2d 167, the Court divided equally upon the question of whether or not the trial court ruled properly that counsel (for a truck driver and his insurer) should make no reference to workmen's compensation in the presence of the jury. The broad question of policy was whether an insurer's interest should be made known to the jury, under proper instructions. In later cases the situation clarified. In Harrison v. Ford Motor Company, 370 Mich. 683, 122 N.W.2d 680, the court phrased one issue in the case as follows:

"Should insurer have been permitted to intervene as party plaintiff in the plaintiff employee's suit? That the insurer is a real party in interest is manifest. Muskegon Hardware & Supply Co. v. Green, supra [343 Mich. 340, 72 N.W.2d 52]. As such, the statute permits it 'to join said suit'. Does that mean it may, under any and every circumstance, intervene and participate in the trial of the suit as a party plaintiff?"

It was the holding of the Court that upon the peculiar facts of Harrison (involving a dual interest in the insurance carrier) that participation not be allowed. But in our judgment the holding may not be so narrowly construed, since the court cited as "germane to the subject", and, "unfavorable to insurer's intervention and participation in the trial as a party plaintiff in plaintiff's suit", the case of Sjoberg v. Joseph T. Ryerson and Son, 8 Ill.App.2d 414, 132 N.E.2d 56, holding in part as follows:

"Plaintiff's position before us is that he is not opposed to the petitioner being allowed to be made a party to the action by intervention, for the protection of its lien, provided it is not permitted to participate in the conduct or trial of the suit. Plaintiff seeks to avoid any conflict which could exist between him and the employer, as to the proper course and conduct of the trial.

"We think there is merit in plaintiff's position. Conceivably, there could be such conflict which might seriously jeopardize a recovery in the action. The primary object of the statute is to afford the employer the protection of his lien for the amount the employer is obligated to pay the employee under the Workmen's Compensation Act and no more. He would have no interest in any recovery beyond that amount, whereas the employee's objective is more substantial, since he would be seeking to recover full damages for his injury, which could be much more than that allowed by the Workmen's Compensation Act. No lien of the employer could attach to the amount in excess of that paid or to be paid by the employer. No case has been cited to us which defines the right of the employer to participate in the trial of the suit. It may well be that no one has seriously considered that an employer has a right to participate in the trial of the suit, and therefore the question seems never to have been raised or

decided. Our search has not revealed any decision upon that particular question.

"We believe the proper and just rule to apply in this type of situation is to allow the employer to join the action by intervention for the purpose allowed by the statute, and provide in the order that such intervention shall not extend to the intervening petitioner the right to participate in the conduct or trial of the suit, without the consent of plaintiff."

See, also, consistent therewith, Leitelt Iron Works v. DeVries, 369 Mich. 47, 119 N.W.2d 101.

We are controlled by the cases above cited. Intervention we will allow, protection of the insurer's interest will be provided for, but the intervenor shall not participate in the trial, save as provided in our order, which shall follow in general a form sometime employed by the distinguished Wayne Circuit Judge James Montante, in substance as follows:

"It is ordered that the [blank] Corporation, workmen's compensation insurance carrier of the plaintiff's employer, may join in this suit in the following manner, on the following conditions, and for the purposes set forth herein, all in order to carry out the intent and purpose of Section 15 Part III of the Workmen's Compensation Act.

"The said [blank] Corporation may enter their appearance in this cause by their attorneys, who may also designate themselves 'of counsel for plaintiff', but the said [blank] Corporation shall not be named in the caption of this case as an intervenor nor shall any party at any time in the presence of the jury make reference to the payment of compensation benefits by such [blank] Corporation, or to their interest in such suit unless the Court shall have previously ruled that such reference under the circumstances has become proper, material or admissible.

"The said [blank] Corporation or their attorneys shall be served with all pleadings, notices, or other papers filed in the suit by any other party and this suit shall not be dismissed or discontinued prior to judgment without their consent and agreement.

"The said [blank] Corporation shall have a lien upon any judgment recovered by the plaintiff to the extent of any payments made by such insurer to or for the benefit of the named plaintiff under the Workmen's Compensation Act, and in the event of a verdict in favor of the plaintiff upon the trial of this cause such insurer shall be entitled to show the Court such payments and have their interest in any judgment entered upon such verdict set forth in such judgment, and to be named as one of the parties in whose favor such judgment is entered.

"In the event the said [blank] Corporation shall at any time have reasonable cause to believe that this cause is not being properly prosecuted by the named plaintiff, or that their rights and interests are being jeopardized and prejudiced, the said insurer may move or petition for a modification of this order, or for the right to have the control of the prosecution of this action in the name of the plaintiff employee, or in their own name, as may then seem proper to the Court.

"In the event the named plaintiff and the [blank] Corporation are unable to agree upon the division or application of the proceeds of any settlement, or the responsibility for or right to reimbursement for costs of suit, expenses of litigation, or the fees of the attorneys engaged in the prosecution of plaintiff's claims, then

either the named plaintiff or the [blank] Corporation may petition this Court for a hearing for the purpose of determining the apportionment of such proceeds or the responsibility for or right to reimbursement of such costs of suit, expenses of litigation, or fees of attorneys."

A suitable order may be prepared.