**MOTORS INSURANCE CORPORATION, a New York corporation, Plaintiff,**

**v.**

**MICHIGAN PROPANE GAS CO., a Michigan corporation, Defendant.**

**Civ. A. No. 5645.**

United States District Court
W. D. Michigan, S. D.
Nov. 22, 1968.

---

Rhoades, McKee & Boer, Grand Rapids, Mich., F. William McKee, Grand Rapids, Mich., of counsel, for plaintiff.

Leo Hoffman, Allegan, Mich., for Lester Herb on motion to intervene.

Smith, Haughey & Rice, Grand Rapids, Mich., David O. Haughey, Grand Rapids, Mich., of counsel, for defendant.

OPINION ON MOTION TO DISMISS AND MOTION TO INTERVENE

FOX, District Judge.

Plaintiff, Motors Insurance, a New York corporation, filed a complaint on June 6, 1967, to recover $27,814.07 from defendant Propane Gas, a Michigan corporation, which Motors Insurance, as insurer, had paid its assured, Lester Herb, for fire damage to Herb's Auto Sales. The fire was alleged to have been caused

by the negligence of an employee of Propane Gas.

Lester Herb also filed suit in a Michigan Circuit Court to recover for the entire damages he suffered. Propane Gas filed a motion therein for accelerated judgment praying the suit be dismissed by reason of the splitting of the cause of action and pendency of the suit in this court.

Lester Herb now moves in this court to be permitted to intervene as a party plaintiff as of right.

Propane Gas also moves to have suit in this court dismissed for lack of diversity of jurisdiction based upon a contention that Lester Herb is an indispensable party.

Because the question of whether or not the court should grant the motion to dismiss would be dispositive of the motion to intervene if it is granted, we will first consider the motion to dismiss.

 The court takes note of the established principle that this action can proceed concurrently with an identical state court action in the discretion of this court. Mottolese v. Kaufman, 176 F.2d 301 (2nd Cir. 1949); Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967).

Should the motion to dismiss be granted, Motors Insurance would be permitted to intervene in the pending state court action notwithstanding any question of the running of the applicable statute of limitations. Muskegon Hardware & Supply Co. v. Green, 343 Mich. 340, 346–347, 72 N.W.2d 52, 55 (1955).

As a condition precedent to doing business in Michigan, a foreign insurance company must stipulate that legal process served on the Michigan Insurance Commission shall have the same effect as personal service. Mich.Comp.L. Ann. §§ 500.425, 500.456 (1968).

Michigan law also provides that the contracting to insure any person, property or risk located within the state at the time of contracting shall constitute a sufficient basis of jurisdiction to enable state courts of record to exercise limited personal jurisdiction. Mich.Comp.L. Ann. §§ 600.705, 600.715, 600.735 (1968).

The court should respect the public policy of Michigan to see that questions of liability involving insurance contracts are settled in the state courts when, as here, the rights or duties of the parties are not adversely affected by remanding the suit to an appropriate state tribunal.

Motors Insurance argues that Lester Herb was tardy in commencing his action in the Allegan County Circuit Court and that he has not been cooperative with the insurer. However, under its insurance policy, Motors Insurance can require Lester Herb's cooperation in seeking a judgment.

Therefore, this court grants the motion to dismiss on behalf of Michigan Propane Gas Company. The motion to intervene submitted by Lester Herb is rendered moot by this order and need not be considered.

It is so ordered.