Howard DOUGLAS, Plaintiff,

Du-Wel Products, Inc., Silent Party Plaintiff,

v.

ROBBINS & MYERS, INC., Defendant.

No. K79–632 C.A.

United States District Court, W. D. Michigan, S. D.

Dec. 23, 1980.

Robert J. VanLeuven, Muskegon, Mich., for plaintiff.

Kenneth R. Oosterhouse, Grand Rapids, Mich., for silent party plaintiff.

Buford A. Upham, Grand Rapids, Mich., for defendant.

## OPINION

FOX, Senior District Judge.

This case is presently before this court for resolution of questions involving the workers' compensation law in Michigan following the emergence of the doctrine of comparative negligence.

The factual background of this case is that plaintiff, who was employed by Du-Wel Products, Inc., was injured at work when a hoist manufactured by Robbins & Myers allegedly malfunctioned. Du-Wel, a workers' compensation self-insurer, began paying benefits to the plaintiff. Subsequently, plaintiff brought suit against Robbins & Myers for negligence and breach of warranties. Defendant, in addition to denying liability, alleged as an affirmative defense that plaintiff's injuries were attributable to persons or corporations for whose acts defendant was not responsible.

On June 10, 1980, a stipulation was submitted by plaintiff and defendant and an order was signed by the court allowing the plaintiff's employer, Du-Wel, to intervene as a silent-party plaintiff, apparently for the purpose of protecting its statutory lien as a workers' compensation carrier on any recovery plaintiff may obtain from the defendant. M.C.L.A. § 418.827(5). The order stated that Du-Wel's intervention and its identity as a silent-party plaintiff was not to be revealed to the jury.

On July 18, 1980, defendant filed a counterclaim against Du-Wel alleging that the doctrine of comparative negligence (1) limited defendant's liability to a percentage of plaintiff's damages equal to the percentage of its own negligence or fault; (2) entitled defendant to a recovery under a comparative indemnity theory; (3) entitled defendant to a recovery under a comparative contribution theory pursuant to Michigan's contribution statute, M.C.L.A. §§ 600.-2925a, .2925b; and (4) required that Du-Wel's lien on plaintiff's recovery be reduced by its percentage of fault.

In the motion presently before this court, Du-Wel moves to dismiss this counterclaim on two grounds: for failure to state a cause of action on which relief can be granted, Fed.R.Civ.P. 12(b)(6), and for failure to comply with a court order, Fed.R.Civ.P. 41(b). Extensive briefs were filed by both parties to the counterclaim and oral arguments were conducted on December 8, 1980.

Although stated second, the ground involving Federal Rule of Civil Procedure 41(b), moving dismissal for failure to comply with a court order, appears to involve some issues that should be resolved first. Du-Wel states that, by definition, a counterclaim necessitates the disclosure of the counterclaim defendant as a plaintiff in the main controversy, and, thus, defendant would be violating the court order forbidding such disclosure. Defendant, on the other hand, simply claims that Du-Wel has not shown why the jury will necessarily discover the plaintiff status of Du-Wel.

It is this court's opinion that as a matter of law, as well as of definition, a counterclaim can only be filed against a plaintiff in the action. Therefore, the counterclaim against Du-Wel is improper. For

this court to hold otherwise would undermine one of the major purposes of the silent-party plaintiff status, prejudice of the main plaintiff by association of the named plaintiff and the silent plaintiff.

■ However, there is a further question of proper remedy. Although Du-Wel calls for dismissal under Fed.R.Civ.P. 41(b), its brief notes that dismissal is only used in the most extreme circumstances. See Wright & Miller, *Federal Practice & Procedure* § 2369. In this case, where both sides to this controversy agree that a third-party complaint would have been procedurally proper, the court clearly has available to it a less severe remedy. Since there is no prejudice or procedural unfairness in considering defendant's counterclaim against Du-Wel as a third-party claim, the court orders that the counterclaim be so re-characterized.

■ Proceeding on to the more substantive and controversial issues involved in this case, the court turns to a consideration of the effect of the doctrine of comparative negligence on the law of workers' compensation in Michigan. Initially, it should be made clear that, since this is a federal diversity action, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny require that this court apply Michigan law to resolve the substantive questions raised here. Though there is not an abundance of precedential or statutory law for the court in this area, it is not without direction. Overriding all the issues is M.C.L.A. § 418.131 which states that compensation benefits are an employee's *exclusive* recovery against his employer for work-related injuries. *Husted v. Consumers Power Co.*, 376 Mich. 41, 52–53, 135 N.W.2d 370 (1965). It should also be noted that the changeover from contributory negligence to comparative negligence is contained in M.C.L.A. § 600.2949(1), M.S.A. § 27A.2949(1) (effective December 31, 1978), and *Placek v. Sterling Heights*, 405 Mich. 638, 275 N.W.2d 511 (1979). Though the incident complained of in this case occurred prior to either of these documents, it is clear that they do have effect. Comparative negligence is remedial in nature and, as such, has retrospective effect in the absence of any indication that it is to be applied progressively only. *Jorae v. Clinton Crop Service*, 465 F.Supp. 952, 955–57 (E.D.Mich. 1979).

■ Defendant first proposes that its liability should be limited to a proportion equal to its own fault and, therefore, that joint and several liability should no longer be the law in Michigan since comparative negligence is now in effect. It asserted that the intent of the adoption of comparative negligence was to make all parties responsible for their own acts instead of allowing one defendant to have the liability of other tortfeasors assessed against it. However, it is clear that the elimination of joint and several liability is not a necessary consequence of comparative negligence. Though there may be an element of unfairness to joint and several liability, the overriding concern of the lawmakers has been, and still is, the full and fair compensation for an injured plaintiff. The elimination of joint and several liability would unavoidably have the effect of reducing recoveries for some plaintiffs since some joint tortfeasors will be unrecoverable, and plaintiffs would no longer have the option of choosing to seek complete recovery from a solvent tortfeasor. This overriding policy cannot be eliminated in such an offhand manner without any indication that this was the intent of the lawmakers. The Michigan Court of Appeals has recently agreed with this conclusion in *Weeks v. Feltner*, 297 N.W.2d 678, No. 48613 (August 12, 1980). In a similar manner, the enactment of a contribution statute in Michigan, allowing one defendant to recover from another tortfeasor if the defendant had paid more than his share of plaintiff's damages, did not eliminate joint and several liability, it merely adjusted the burden of compensation among joint tortfeasors. See *Conkright v. M. E. Boatman, Inc.*, 496 F.Supp. 147 (W.D. Mich.1980) (Miles, C. J.).

■ Defendant asserts also that it is entitled to comparative indemnity by Du-Wel for the employer's percentage of fault.

It must be understood that the comparative negligence statute left undisturbed the existing Michigan law on indemnification, *Jorae, supra,* 465 F.Supp. at 957. Briefly, Michigan law provides for indemnity "only when the charging party can prove that it has been found liable to a third party, not because of any fault of its own, but because of its relationship to the party at fault from whom indemnification is sought." 465 F.Supp. at 957 (citations omitted). Aside from the question of whether "comparative indemnification" is a contradiction in terms since indemnity generally requires an absence of active negligence by the charging party, no special circumstances or special relationship between Robbins & Myers and Du-Wel appears to exist, such that Du-Wel's fault would be attributed to Robbins & Myers. There is nothing in the pleadings to suggest the presence of contractual indemnity, implied or expressed, and plaintiff's allegations against the principal defendant include no claims based on defendant being vicariously liable for Du-Wel's negligence.

■ The third-party plaintiff also claims a right to contribution from Du-Wel based on the Michigan contribution statute, M.C.L.A. § 600.2925a. The right to contribution arises when tortfeasors have a common liability to plaintiff, *Venters v. Michigan Gas Utilities Co.,* 493 F.Supp. 345, p. 348 (W.D. Mich.1980); *Moyses v. Spartan Asphalt Paving Co.,* 383 Mich. 314, 174 N.W.2d 797 (1970), and provides for a recovery when one defendant has paid more than his share of plaintiff's judgment. *Conkright* and *Jorae* hold that the comparative negligence statute changes contribution in products liability cases from an equal-shares pro rata distribution to a distribution based on relative fault of joint tortfeasors. However, this does not change the basic premise that a contribution action is based on the plaintiff's right against the third-party defendant. Since this third-party claim for contribution is "derivative of the principal plaintiff's right, an interpleader action would require a finding that, with respect to the plaintiff, the employer and third-party plaintiff are joint tortfeasors." In other words, for a cause of action in contribution to be present, the employer would have to have some further liability to the plaintiff arising out of the injury. This, however, would violate the exclusive remedy provision of section 131 of the workers' compensation statute. Under the workers' compensation law, an employer has no common liability, and is not a joint tortfeasor with the defendant. *Husted,* 135 N.W.2d 376. *Venters v. Michigan Gas Utilities Co.,* 493 F.Supp. 345, pp. 348–349 (W.D.Mich.1980).

■ To hold otherwise destroys the *quid pro quo* of workers' compensation as it is known in Michigan. Under the statutory scheme, an injured employee is entitled to prompt payments from his employer for certain work-related injuries regardless of the fault or lack of fault of his employer. In exchange, the employer is granted immunity from further liability arising out of that injury. See *Husted,* 376 Mich. at 52–53, 135 N.W.2d 376. The legislature and the Supreme Court of Michigan were certainly aware of this statutory scheme and the balancing involved in the workers' compensation statute when they introduced comparative negligence to Michigan and there is nothing to indicate an inclination by those lawmakers to alter that balance through comparative negligence. Any such adjustment must be undertaken openly and forthrightly by the Michigan legislature. *Placek* did not disturb an employer's immunity from suits by an employee or expose them to liability in impleader actions or create any comparative contribution recovery.

■ The defendant finally asserts that Du-Wel's lien on any recovery by the plaintiff from the defendant should be reduced by the employer's percentage of negligence. However, given the discussion above, there seems to be no compelling reason to do so. Defendant claims that the employer will be unjustly enriched if this is not done. The court questions the standing of the defendant to assert any possible unfairness to plaintiff. Further, it appears that any "unfairness" to the defendant is a result of the

doctrine of joint and several liability rather than the failure to modify workers' compensation law through comparative negligence. Reimbursement of the employer's insurance carrier or the self-insured employer is an integral part of the workers' compensation balance. It has long been the law that the employer could recover a portion of a judgment in favor of the plaintiff, even where the employer may have been partly at fault.

Defendant's argument that the motion to dismiss should be denied because defendant is simply calling for the factfinder to determine the employer's negligence is without support. It ignores the fact that Robbins & Myers has filed a suit against Du-Wel and that it is a challenge to that action that is presently before the court. That third-party complaint must state a valid cause of action to be proper; there is much more involved here than a question of evidence, as the third-party plaintiff suggests. If there is no ground for a recovery by Robbins & Myers from Du-Wel, the causes of action necessarily fail and evidence intended to lead to such a recovery is improper. The opinion in *Overweg v. American Laundry Machinery Industry, Inc.*, No. 78–4354 (Ottawa County Circuit Court, January 23, 1980), is incorrect in allowing such facts to come into a case even though there is no right of contribution or other recovery. Such a result does not give sufficient weight to the significant consequences to follow on the balance contained in the workers' compensation system in Michigan.

Therefore, this court grants the silent-party plaintiff's motion to dismiss the recharacterized third-party claim of Robbins & Myers, originally filed as a counterclaim by the defendant.