**Jack R. MANSFIELD, Plaintiff,**

**and**

**Central Transport, Inc., Proposed Intervening Plaintiff–Appellant,**

**v.**

**Charles L. PAXON, et al., Defendants–Appellees.**

**No. 89–2103.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 15, 1990.

Decided April 10, 1990.

---

Susan A. Horn, South Bend, Ind., F. William McKee, Mary L. Wasilkiv, Grand Rapids, Mich., for plaintiff, Jack R. Mansfield.

David O. Tittle, Phil L. Isenbarger, Bingham, Summers, Welsh & Spilman, Indianapolis, Ind., for defendant-appellee, Charles L. Paxon.

Edward N. Kalamaros, John J. Lorber, May, Oberfell & Lorber, South Bend, Ind., John S. Beeman, Harrison & Moberly, David J. Ryan, Timothy J. Hulett, Indianapolis, Ind., for defendants-appellees, Charles L. Paxon, U–Haul Co. of Cleveland, and U–Haul Co. of N.M.

Lance R. Mather, David N. Campos, Susan J. Bradley, Smith, Haughey, Rice & Roegge, Grand Rapids, Mich., for intervenor-appellant, Cent. Transport, Inc.

Before CUMMINGS and CUDAHY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

In this diversity suit, plaintiff Jack Mansfield, a citizen of Michigan, sued defendant Charles Paxon, a citizen of Minnesota, to recover damages for injuries caused by Paxon's allegedly negligent and reckless driving. At the time of the accident, Mansfield was assertedly driving in the course and scope of his employment with Central Transport, Inc., which paid Mansfield workers' compensation benefits and certain insurance benefits.

On August 23, 1988, Central Transport, Inc. filed a motion to intervene *as a silent party plaintiff.* This company has an office in Grand Rapids, Michigan, where its counsel is also located. We have not been advised of the state of Central Transport's incorporation, but if it is a Minnesota corporation or has its principal place of business there and were permitted to intervene, the district court might no longer have diversity jurisdiction in that defendant Paxon is also a Minnesota citizen.[1] The proposed order attached to Central Transport's motion to intervene opprobriously stated that it was pursuant to stipulation even though defendants had not agreed to stipulate! Based on this erroneous information, in his order permitting Central Transport to intervene as a silent party plaintiff, Judge Sharp stated that it was entered pursuant to stipulation of the parties.

Thereafter defendant Paxon filed an objection to Central Transport's motion to intervene as a silent party plaintiff. On April 28, 1989, the district court vacated its prior order and this time denied Central Transport's second motion to intervene as a silent party plaintiff. Central Transport consequently filed this appeal.[2]

■ One of the conditions governing intervention under Rule 24(a) and (b) of the Federal Rules of Civil Procedure is that the application must be timely. Here the lawsuit was filed in April 1988 and the only proper motion for intervention was not filed until October 1988. Consequently Paxon contends in his brief that the motion

---

**1.** See 7C Wright–Miller–Kane, *Federal Practice and Procedure* § 1917. See also *American National Bank & Trust Co. v. Bailey,* 750 F.2d 577, 582 (7th Cir.1985) (intervention of a non-diverse party will deprive the court of jurisdiction if that party is indispensable), certiorari denied *sub nom. Chicago Investment Corp. v. American National Bank & Trust Co.,* 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842.

**2.** The remaining defendants, the U–Haul Company of Ohio and the U–Haul Company of New Mexico, have joined in Paxon's request for affirmance.

was untimely, but Judge Sharp's order does not reveal whether this was the reason he denied intervention. Intervention has been permitted when longer time periods have elapsed.[3] We will not sustain the objection on this ground, particularly since it was not mentioned in the objection Paxon filed below.

■ The sole ground of Paxon's objection to Central Transport's second motion to intervene was that the Federal Rules of Civil Procedure do not permit intervention as a silent party plaintiff. Patently the reason that Central Transport wishes to be a silent party plaintiff is so that the jury would not award the named plaintiff a lesser sum, knowing that he had already been reimbursed by Central Transport. The parties have cited no federal case in which an opposed motion to intervene as a silent party plaintiff was granted. The only federal authority bearing on the point appears to be *Douglas v. Robbins & Myers, Inc.,* 505 F.Supp. 765, 767 (W.D.Mich.1980), but there the order of intervention was by stipulation. While here Central Transport secured the first order permitting intervention as a silent plaintiff on the ground that it was by stipulation, this was erroneous, and no stipulation was obtained, so that the *Douglas* case is simply not a precedent in Central Transport's favor.

Central Transport's motion to intervene as a silent party plaintiff is of course governed by the Federal Rules of Civil Procedure rather than by the practice in Michigan championed by Central Transport.[4] As a subrogee of Mansfield, Central Transport would seemingly be a real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure. 6 Wright and Miller, *Federal Practice and Procedure* § 1546. But Central Transport does not wish to participate except as a silent party plaintiff, and we have been cited to no case under the Federal Rules of Civil Procedure where intervention over opposition has been permitted in that capacity. Our own research

has uncovered no such precedent. Since such status is not sanctioned by federal rule or statute, the district judge properly denied the motion to intervene as a silent party plaintiff. If Central Transport nevertheless wishes to intervene as a regular party plaintiff and if it is not a Minnesota corporation and does not have its principal place of business there (see *supra* note 1), it can file an unconditional motion to intervene which the district court might be justified in granting.

Order denying intervention as a silent party plaintiff affirmed.

---

3. See 7C Wright–Miller–Kane, *Federal Practice and Procedure* § 1916.

4. Our research led us to two Michigan cases in which insurers were allowed to intervene as silent party plaintiffs. *Treadeau v. Great American Insurance Companies,* 112 Mich.App. 130, 316 N.W.2d 231 (1982), and *Transamerica Insurance Corporation v. Buckley,* 169 Mich.App. 540, 426 N.W.2d 696 (1988). The Michigan cases

cited by Central Transport do not involve this point, nor do *Curtis v. Sears Roebuck & Co.,* 754 F.2d 781 (8th Cir.1985), and the other federal cases cited by Central Transport. Cf. *Harris v. General Coach Works,* 37 F.R.D. 343 (E.D.Mich. 1964) (workmen's compensation carrier permitted to intervene but not permitted to participate in the conduct of the trial).