CITY OF DETROIT v SPIVEY

1. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASORS—ACTION BY EMPLOYER—STATUTES.

An employee injured by a third party has the exclusive right for one year to bring an action against the third-party tortfeasor; after one year, the employer or an insurance carrier who has paid compensation for the injury may initiate an action, which may be brought in the name of the injured employee (MCLA 418.827; MSA 17.237[827]).

2. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASORS—ACTION BY EMPLOYER—REAL PARTY IN INTEREST—STATUTES.

There is only one cause of action against a third-party tortfeasor who has injured an employee, and where the liability of the third party is successfully asserted the employee and the employer or insurance carrier who has paid compensation share in any recovery; therefore, the employer or carrier is a real party in interest (MCLA 418.827[5]; MSA 17.237[827] [5]).

3. NEGLIGENCE—TORTS—THIRD-PARTY TORTFEASORS—SPLITTING CAUSE OF ACTION—WORKMEN'S COMPENSATION ACT—STATUTES.

A statutory provision that an action by an employer or insurance carrier against a third-party tortfeasor may be brought in the name of an injured employee is a prevention against splitting the cause of action against the tortfeasor (MCLA 418.827; MSA 17.237[827]).

4. ACTION—DEFENSES—SPLITTING CAUSE OF ACTION—SETTLEMENTS—WAIVER OF DEFENSE.

Settlement with one real party in interest, where there is more than one party in interest, waives the defense of splitting a

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Workmen's Compensation § 77.

Workmen's compensation: rights and remedies where employee was injured by a third person's negligence. 19 ALR 781, s. 27 ALR 499, 37 ALR 843, 67 ALR 266, 86 ALR 677, 106 ALR 1040.

[2, 5] 82 Am Jur 2d, Workmen's Compensation § 423.

[3, 4] 1 Am Jur 2d, Actions § 144 *et seq.*

cause of action against the party or parties which have not settled.

5. Negligence—Torts—Workmen's Compensation—Third-Party Tortfeasors—Employers—Real Party in Interest—Action for Reimbursement—Court Rules.

An employer of an employee who was injured by a third-party tortfeasor and who has paid workmen's compensation benefits to his employee is a real party in interest in an action brought against the tortfeasor for reimbursement of benefits paid and the dismissal of such an action because the injured employee is not a named plaintiff is error under controlling court rules (GCR 1963, 111.3, 201.2, 205).

Appeal from Wayne, Elza H. Papp, J. Submitted December 8, 1975, at Detroit. (Docket No. 22889.) Decided March 25, 1976.

Complaint in common pleas court by the City of Detroit, Department of Street Railways, against Bonnie Sue Spivey and Jerry Spivey for reimbursement of workmen's compensation benefits paid to one of plaintiff's employees because of injuries caused to him by the alleged negligence of the defendants. Cause removed to circuit court for consolidation with a previously filed action between the same parties. Cause dismissed. Plaintiff appeals. Reversed and remanded.

*Kermit G. Bailer,* Corporation Counsel, and *John E. Meeks,* for plaintiff.

*Draugelis, Ashton & Scully,* for defendants.

Before: V. J. Brennan, P. J., and R. M. Maher and G. W. Britten,* JJ.

Per Curiam. Plaintiff filed suit against defendants in common pleas court, seeking reimburse-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment for workmen's compensation paid to one of plaintiff's employees. The suit was removed to Wayne County Circuit Court and consolidated with an action defendants had previously filed against plaintiff for injuries suffered in an accident involving plaintiff's bus. The circuit court, on defendants' motion, ordered plaintiff's suit for reimbursement dismissed. Plaintiff appeals that order.

Tyrone McKinnon was driving one of plaintiff's buses when it collided with a car owned by defendant Jerry Spivey and driven by defendant Bonnie Sue Spivey. Plaintiff alleged payment of over $5,-000 for lost wages and medical expenses attributable to the injuries McKinnon suffered in the collision. Claiming that Bonnie Sue Spivey's negligence caused the collision, plaintiff sought reimbursement from defendants for these workmen's compensation payments.

When plaintiff, unable to find McKinnon, could not produce him for depositions, defendants moved for dismissal of plaintiff's action pursuant to GCR 1963, 313.4. An order barring the deposition or testimony of McKinnon was granted instead.

On the day set for trial, defendants moved to dismiss plaintiff's claim, basing the motion on plaintiff's failure to bring the action in the name of the injured employee McKinnon. The trial court, agreeing with defendants that MCLA 418.827(1); MSA 17.237(827)(1), requires that the action against a third-party tortfeasor be brought in the employee's name, dismissed the suit for reimbursement.

The statutory provisions on reimbursement of compensation payments, MCLA 418.827; MSA 17.237(827) state:

"(1) Where the injury for which compensation is payable under this act was caused under circumstances

creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of action by any party under this section, the parties shall notify, by certified mail at their last known address, the bureau, the injured employee, or in the event of his death, his known dependents or personal representative or his known next of kin, his employer and the carrier. Any party in interest shall have a right to join in the action.

"(2) Prior to the entry of judgment, either the employer or carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"(3) Settlement and release by the employee is not a bar to action by the employer or carrier to proceed against the third party for any interest or claim it might have.

"(4) If the injured employee or his dependents or personal representative settle their claim for injury or death or commence proceedings thereon against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting

from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits."

These provisions were first enacted as MCLA 413.15; MSA 17.189 in 1952. 1952 PA 155, § 1. The 1969 revision of the state's Workmen's Compensation Act, 1969 PA 317, only renumbered these provisions. Prior to 1952, an employee, injured by a third party, was required to elect his remedy. If he chose compensation, the right to proceed against the third-party tortfeasor was given to his employer or the employer's compensation carrier.

Under former MCLA 413.15; MSA 17.189 and present MCLA 418.827; MSA 17.237(827), an injured employee has, for one year, the exclusive right to bring an action against the third-party tortfeasor. After one year, the employer or carrier who has paid compensation may initiate an action. The statute states that the action may be brought "in the name of that person", obviously referring to the injured employee.

Against the tortfeasor who has injured an employee, there is but one cause of action. See *Muskegon Hardware & Supply Co v Green,* 343 Mich 340; 72 NW2d 52 (1955). Where the liability of a third party is successfully asserted, the employee and the employer or carrier share in any recovery, according to the statutory scheme. MCLA 418.827(5); MSA 17.237(827)(5). Because the statute gives the employer or carrier who has paid compensation a substantive right to recover against a third-party tortfeasor, there is no doubt that the

employer or carrier, as the case may be, is a real party in interest. *Muskegon Hardware & Supply Co v Green, supra.*

In *Muskegon Hardware & Supply Co, supra,* an employer brought suit to recover compensation paid the widow of an employee. After the 3-year statute of limitations had run, the trial court permitted the widow and the personal representative of the deceased employee to join as parties plaintiff. The Supreme Court rejected defendant's argument that an action not brought in the name of the employee or his dependents or his personal representative failed to state a cause of action. "We cannot say that the failure to bring the suit originally in the name of the widow or personal representative is fatal." 343 Mich at 346.

GCR 1963, 201.2 states that, "Every action shall be prosecuted in the name of the real party in interest". The provision that the liability of a third-party tortfeasor may be enforced in the name of the injured employee was introduced when the employee's election of remedies was removed. We view this provision as a prevention against splitting the cause of action against the tortfeasor, which after the 1952 amendment to former MCLA 413.15; MSA 17.189 was shared by the employee and the employer or the carrier. Paragraph (3) of MCLA 418.827; MSA 17.237(827) indicates that this view is correct, by providing that a defendant remains subject to suit by an employer or carrier after settlement and release by the employee. Settlement with one real party in interest waives the defense of splitting a cause of action. *Wolverine Insurance Co v Klomparens,* 273 Mich 493; 263 NW 724 (1935). Equally indicative of the correctness of this view is the fact that an employer or carrier is generally able to join as

a named plaintiff in an employee's suit. See *Harrison v Ford Motor Co*, 370 Mich 683; 122 NW2d 680 (1963).

Under the General Court Rules of 1963, the equity rule of compulsory joinder of parties is the appropriate means of preventing the undesirable results caused by splitting a cause. "The compulsory joinder provisions of Rule 205 do in fact replace the common law rule against splitting a cause." 1 Honigman & Hawkins, Michigan Court Rules Annotated, Committee Comment, GCR 1963, 205.

The court below erred in dismissing plaintiff's suit on the basis of MCLA 418.827; MSA 17.237(827). Plaintiff's right to bring the action is governed by GCR 1963, 201.2 and any objection by defendants to an action in which the employee was not a named plaintiff should have invoked the provisions of GCR 1963, 205, Necessary Joinder of Parties. Such an objection is waived if not timely asserted. GCR 1963, 111.3.

Reversed and remanded for trial. Costs to plaintiff.