PRENTIS v YALE MANUFACTURING COMPANY

Docket No. 50381. Submitted March 3, 1982, at Detroit.—Decided May 20, 1982. Leave to appeal applied for.

John and Helen Prentis brought a products liability action in Wayne Circuit Court to recover damages for injuries resulting from an accident involving an allegedly defective forklift manufactured by Yale Manufacturing Company. Roland L. Olzark, J., refused to give plaintiffs' requested standard jury instructions on the theory of breach of warranty on the basis that the products liability statute had merged all former products liability theories or causes of action into a single unified products liability theory. The jury was instructed as to a negligence theory. The jury returned a verdict of no cause of action. Plaintiffs appeal. *Held:*

1. The new products liability statute, although enacted subsequent to the institution of this suit, is applicable to this action. That statute, however, was not intended by the Legislature to abolish the common-law products liability theory of breach of warranty. The trial court erred in refusing to charge the jury on that theory.

2. Prejudice will be presumed from the erroneous omission of an applicable and accurate standard jury instruction which has been properly requested at trial.

Reversed and remanded.

1. Products Liability — Legislative Intent — Statutes.

The Legislature intended that the statute pertaining to products

References for Points in Headnotes

[1] 63 Am Jur 2d, Products Liability § 206.
    73 Am Jur 2d, Statutes §§ 349, 350.
[2] 63 Am Jur 2d, Products Liability § 3.
[3] 63 Am Jur 2d, Products Liability § 91.
    73 Am Jur 2d, Statutes § 185.
[4] 73 Am Jur 2d, Statutes § 185.
[5] 75 Am Jur 2d, Trial § 610.
    Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

liability actions should apply to all actions pending, accrued, or future (MCL 600.2945 *et seq.;* MSA 27A.2945 *et seq.).*

2. PRODUCTS LIABILITY — COMMON LAW — NEGLIGENCE — IMPLIED WARRANTY.

The common law with respect to products liability treated the theories of negligence and implied warranty differently both with respect to the elements to be proven and the defenses available.

3. PRODUCTS LIABILITY — STATUTES — COMMON LAW — BREACH OF WARRANTY — LEGISLATIVE INTENT.

The Legislature did not intend by the enactment of the statute pertaining to products liability actions to abolish the common-law products liability theory of breach of warranty.

4. STATUTES — COMMON LAW — JUDICIAL CONSTRUCTION.

Statutes will not be extended by implication to abrogate the established rules of common law.

5. TRIAL — STANDARD JURY INSTRUCTIONS — PRESUMPTIONS.

Prejudice will be presumed from the erroneous omission of or deviation from an applicable and accurate standard jury instruction which has been properly requested at trial (GCR 1963, 516.6[2]).

*The Jaques Admiralty Law Offices, P.C.,* for plaintiffs.

*Kerr, Russell & Weber* (by *C. Kenneth Perry, Jr.),* for defendant.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a jury verdict of no cause of action in a products liability suit brought to recover damages for injuries resulting from an accident involving an allegedly defective forklift manufactured by defendant.

Plaintiff brought suit alleging both negligence and breach of warranty against defendant Yale

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Manufacturing Company, the manufacturer of the forklift. The trial court refused to give plaintiffs' requested standard jury instruction on a breach of warranty theory of liability, SJI 25.01, 25.02, 25.21, and 25.23. This refusal was based on the court's conclusion that the products liability statute, MCL 600.2945 *et seq.;* MSA 27A.2945 *et seq.,* had merged all former products liability theories or causes of action into a single unified "products liability theory". The jury was accordingly instructed only with respect to a negligence theory.

Although the products liability statute was enacted subsequent to the institution of the instant suit, this Court has held that the statute has retroactive as well as prospective effect. *Tulkku v Mackworth Rees Division of Avis Industries, Inc (On Remand),* 101 Mich App 709; 301 NW2d 46 (1980), *lv den* 411 Mich 897 (1981). We find, however, that the trial court's interpretation of the statute was erroneous.

Under the common law of products liability, prior to the enactment of the products liability statute, there was clearly a difference between the theories of implied warranty and negligence—both with respect to the elements to be proven and with respect to the available defenses. In *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 89; 273 NW2d 476 (1979), which was decided prior to the enactment of the statute, the Supreme Court observed:

"As noted by the Court below, it is also generally recognized 'that implied warranty and negligence are separate and distinct theories of recovery and that under the implied warranty theory it is not necessary to prove negligence'. 69 Mich 375, 381 (citation omitted).

"The distinction between the elements of negligence and breach of implied warranty is that in the former

plaintiff must prove that the defect was caused by the manufacturer's negligence, whereas under the warranty theory, plaintiff need only establish that the defect was attributable to the manufacturer, regardless of the amount of care utilized by the manufacturer."

See also *Dooms v Stewart Bolling & Co,* 68 Mich App 5, 14; 241 NW2d 738 (1976), *lv den* 397 Mich 862 (1976).

Although § 2945 of the products liability statute, MCL 600.2945; MSA 27A.2945, defines "products liability action" as "an action based on any legal or equitable theory of liability brought for or on account of death or injury to person or property caused by" various acts done in connection with the conception, production, and marketing of products, nowhere does the act provide that plaintiffs must proceed under a negligence theory. Section 2949 of the act, MCL 660.2949; MSA 27A.2949, provides that in all products liability actions the damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to that plaintiff. Although it can be argued that such language implies the abolition of the breach of warranty theory, since consideration of a plaintiff's negligence has been traditionally precluded in such an action,[1] we are unwilling to assume from such an ambiguous directive that the Legislature intended such a drastic change in the common law. In order to infer from that provision, governing computation of damages, an intent to abrogate a long-established common-law cause of

---

[1] See *Kujawski v Cohen,* 56 Mich App 533, 542; 224 NW2d 908 (1974), *lv den* 394 Mich 772 (1975):

"Contributory negligence, as it is characteristically understood in the common law of negligence, is *not* a defense to a breach of warranty action. Something more than mere negligence must be shown to bar recovery, something approaching 'assumption of the risk' or disregard of known danger."

action, we would have to ignore "the cardinal rule of statutory construction, that statutes will not be extended by implication to abrogate the established rules of common law. *Bandfield v Bandfield,* 117 Mich 80 (1898)." *Silver v International Paper Co,* 35 Mich App 469, 472; 192 NW2d 535 (1971), *lv den* 386 Mich 764 (1971).

Where there is an omission of, or a deviation from, an applicable and accurate standard jury instruction, prejudicial error will be presumed if the erroneously omitted standard jury instruction was properly requested at trial. GCR 1963, 516.6(2), *Socha v Passino,* 405 Mich 458, 466-467; 275 NW2d 243 (1979). The standard jury instructions on implied warranty were both applicable and accurate in the instant case. Accordingly, we must reverse and remand for a new trial.

The jury, which was given instructions only on a theory of negligence, found that the product was not "defectively designed by [defendant]". That verdict could have been based either upon a finding that there was no defect or upon a finding that, even if there was a defect, it was not caused by the manufacturer's *negligence.* If the verdict was indeed based on the latter finding, a properly instructed jury could have justifiably found that the defect was *attributable* to the manufacturer—regardless of the amount of care utilized by the manufacturer—and returned a verdict in favor of the plaintiffs under a theory of implied warranty.

Reversed and remanded for a new trial.