GLAVIN v BAKER MATERIAL HANDLING CORPORATION

Docket No. 64947. Submitted October 4, 1983, at Detroit.—Decided
February 21, 1984. Leave to appeal applied for.

Eugene R. Glavin, Jr., was injured when a co-worker backed a
forklift in Glavin's direction, striking him and pinning him
between two vehicles. Glavin and his wife, Rosalyn Glavin,
brought suit in Wayne Circuit Court against Baker Material
Handling Corporation, the manufacturer of the forklift, alleg-
ing that the forklift was defective because it did not have a
beeper to signal when it was backing up and a rear-view
mirror. Michigan Mutual Insurance Company, the workers'
compensation insurer for Glavin's employer, intervened as a
plaintiff in the action. The Glavins requested that the court
instruct the jury on both negligence and breach of implied
warranty. The court refused to give the instruction on implied
warranty. The court, John D. O'Hair, J., entered judgment for
Baker on a jury verdict of no cause of action. The court
thereafter denied the Glavins' motions for a new trial and for
Michigan Mutual to share in the costs and expenses of the
litigation. The Glavins appealed. *Held:*

1. The jury should have been instructed on both negligence
and breach of implied warranty as requested by the Glavins
because it would have been possible for the jury to have
concluded that Baker had exercised reasonable care yet had
supplied a product with a defect which was attributable to the
manufacturer. The failure to give a requested instruction to the
jury that is supported by the evidence and is a correct state-
ment of the applicable law constitutes error. Where the error

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 63 Am Jur 2d, Products Liability §§ 71-73, 98, 130.

Manufacturer's or seller's obligation to supply or recommend avail-
able safety accessories in connection with industrial machinery or
equipment. 99 ALR3d 693.

Duty of manufacturer to equip product with safety device to protect
against patent or obvious danger. 95 ALR3d 1066.

[2] 63 Am Jur 2d, Products Liability § 25.

[3] 75 Am Jur 2d, Trial § 589.

[4] 82 Am Jur 2d, Workmen's Compensation §§ 432, 437.

might well have altered the result of the trial, it requires reversal.

2. The trial court did not err in refusing to order Michigan Mutual to share in the costs and expenses of the Glavins' unsuccessful litigation. Division of costs is contemplated only where there is a recovery.

Reversed in part, affirmed in part, and remanded.

1. PRODUCTS LIABILITY — DEFECT — BREACH OF WARRANTY.

A defect is established by proof that a product is not reasonably fit for its intended, anticipated, or reasonably foreseeable use in an action for a breach of an implied warranty; failure to provide a safety device on a product may be considered a defect such as will support a breach of warranty claim.

2. NEGLIGENCE — BREACH OF IMPLIED WARRANTY.

The distinction between the elements of a cause of action in negligence and a cause of action for breach of implied warranty is that in the former a plaintiff must prove that the defect was caused by the manufacturer's negligence, whereas under the warranty theory, a plaintiff need only establish that the defect was attributable to the manufacturer, regardless of the amount of care utilized by the manufacturer.

3. TRIAL — JURY INSTRUCTIONS — APPEAL.

A trial judge's failure to give a requested instruction to the jury which is supported by the evidence, and is a correct statement of the applicable law, constitutes error; where the error might well have altered the result of the trial, it requires reversal.

4. WORKERS' COMPENSATION — THIRD-PARTY TORTFEASORS — ACTIONS — COSTS.

The division of costs between an injured employee and an inter-vening workers' compensation insurer in an action against a third-party tortfeasor is only contemplated where there is a recovery against the third party (MCL 418.827; MSA 17.237[827]).

*Hurwitz & Karp, P.C.* (by *Miles A. Hurwitz* and *Howard I. Wallach),* for the Glavins.

*Fox & Fletcher, P.C.* (by *Thomas G. Cardelli),* for Baker Material Handling Corporation.

*Brakora, Pentis & Smith* (by *Douglas S. Dovitz),* for Michigan Mutual Insurance Company.

Before: M. J. KELLY, P.J., and HOOD and SHEP- HERD, JJ.

SHEPHERD, J. Appellants Glavin appeal as of right from a jury verdict of no cause of action, specifically arguing that the trial court erred in refusing to instruct the jury on appellants' breach of implied warranty claim. Appellants also appeal the trial court's orders denying their motions for a new trial and for payment of half of all litigation expenses by intervenor-plaintiff Michigan Mutual Insurance Company, the workers' compensation insurer of appellant Eugene Glavin's employer.

## FACTS

Appellant Eugene Glavin was employed by Cen- tral Cartage Company as a dock freight handler. On March 2, 1978, as Eugene stood near the back of one forklift, a co-worker backed the forklift that he was driving in Eugene's direction. While doing so, he inadvertently turned the steering wheel and struck Eugene, pinning him between the two vehi- cles. The driver of the forklift did not see Eugene prior to impact, nor did Eugene see him approach- ing.

Appellants instituted an action against appellee Baker Material Handling Corporation, the manu- facturer of the forklift, alleging that the forklift was defective because it did not have certain safety devices: a beeper to signal when a forklift was backing up and a rear-view mirror. These devices were options which were offered by appel- lee but which had not been ordered by Central Cartage Company on the forklifts which they had

purchased. The crux of appellants' claim involved appellee's failure to properly equip the forklift with these safety devices. At the trial, appellants' counsel requested that the court instruct the jury on both negligence and breach of implied warranty. The court refused to give the instruction on implied warranty. After the verdict, appellants moved for a new trial based on the court's failure to give the requested instruction. The trial court denied the motion. Appellants also argued that the workers' compensation insurance carrier (Michigan Mutual), the intervening plaintiff, should share in the costs and expenses incurred in the third-party action against appellee. The trial court ruled that such an allocation of costs was limited to cases where recovery had been effected and denied appellants' motion to have Michigan Mutual share the expenses and costs of an appeal.

I

Appellants argue that negligence and breach of implied warranty are distinct theories and, therefore, the trial judge should have instructed on both. Negligence, according to appellants, focuses on the reasonableness of the conduct of the manufacturer, while breach of warranty focuses on the actual defect of the product. Under an implied warranty theory, a defect is established by proof that a product is not reasonably fit for its intended, anticipated, or reasonably foreseeable use. *Elsasser v American Motors Corp,* 81 Mich App 379, 384; 265 NW2d 339 (1978); *Dooms v Stewart Bolling & Co,* 68 Mich App 5, 14; 241 NW2d 738 (1976). Furthermore, failure to provide a safety device on a product may be considered a defect such as will support a breach of warranty claim. *Antcliff v State Employees Credit Union,* 95 Mich

App 224, 230; 290 NW2d 420 (1980).[1] Therefore, argue appellants, the jury in the instant case could have found the forklift defective without negligence on the part of appellee.

In *Smith v E R Squibb & Sons, Inc,* 405 Mich 79; 273 NW2d 476 (1979), the Supreme Court discussed the distinction between the two theories of recovery presented here by appellants:

"The distinction between the elements of negligence and breach of implied warranty is that in the former plaintiff must prove that the defect was caused by the manufacturer's negligence, whereas under the warranty theory, plaintiff need only establish that the defect was attributable to the manufacturer, regardless of the amount of care utilized by the manufacturer." 405 Mich 89.

In *Smith,* the factual issue involved was not whether the pharmaceutical product was defective (there was no intrinsic defect in the drug) but whether the manufacturer had provided adequate warnings. The Court found that, on the facts of that case, the proposed theories of negligence and breach of implied warranty involved identical facts and required proof of the same elements, because the focus was on the adequacy of the warning in both cases. The existence of a product defect and a breach of duty were, therefore, determined by the same standard: reasonable care under the circumstances. *Smith, supra,* pp 89-90. The trial court's refusal in *Smith* to instruct on implied warranty was, as a result, not an abuse of discretion. The Court in *Smith* limited its opinion solely to the facts presented there and noted that, on different facts, it could be prejudicial error not to give

[1] *Aff'd* 414 Mich 624; 327 NW2d 814 (1982).

requested implied warranty instructions. *Smith, supra,* p 91.

In the instant case, the negligence alleged by appellants was appellee's failure to equip the forklift with safety back-up devices. The product defect in the forklift which resulted in a breach of the implied warranty was the lack of safety back-up devices. The mere fact that both claims rest on the absence of safety back-up devices does not require application of the holding in *Smith* and a finding that the trial court properly refused to instruct on both theories. *Smith* involved a defect-free product; the only question was whether notice was adequate. Here, two questions have been raised by appellants: whether a manufacturer was negligent and whether, regardless of the manufacturer's negligence, a product was defective.

In *Prentis v Yale Manufacturing Co,* 116 Mich App 466; 323 NW2d 444 (1982), this Court found erroneous a trial court's refusal to give a requested instruction on breach of warranty, a refusal based on the mistaken belief that the statute on products liability, MCL 600.2945 *et seq.;* MSA 27A.2945 *et seq.,* had merged all former products liability theories into one single unified theory and that the jury could, therefore, only be instructed with respect to a negligence theory. The Court in *Prentis* ruled, however, that the breach of warranty theory had not been abolished by the statute, which essentially governed computation of damages. The Court then pointed out the potential danger to the plaintiff of instructing the jury on only a negligence theory where the plaintiff had also alleged a breach of warranty:

"The jury, which was given instructions only on a theory of negligence, found that the product was not 'defectively designed by [defendant]'. That verdict could

have been based either upon a finding that there was no defect or upon a finding that, even if there was a defect, it was not caused by the manufacturer's *negligence.* If the verdict was indeed based on the latter finding, a properly instructed jury could have justifiably found that the defect was *attributable* to the manufacturer—regardless of the amount of care utilized by the manufacturer—and returned a verdict in favor of the plaintiffs under a theory of implied warranty." *Prentis, supra,* p 470. (Emphasis in original.)

This is essentially the argument advanced by appellants in the instant case and we find it convincing.

Failure to give a requested instruction which is supported by the evidence, and is a correct statement of the applicable law, constitutes error. GCR 1963, 516.6(2); *Javis v Ypsilanti Bd of Ed,* 393 Mich 689; 227 NW2d 543 (1975); *Socha v Passino,* 405 Mich 458, 466-467; 275 NW2d 243 (1979). Where the error might well have altered the result of the trial, it requires reversal. *Rouse v Gross,* 357 Mich 475; 98 NW2d 562 (1959).

Since it would have been possible for the jury in the instant case to conclude that the appellee manufacturer had exercised reasonable care yet had supplied a product with a defect which was attributable to the manufacturer, the jury should have been instructed on both negligence and breach of implied warranty as requested by appellants.

## II

Appellants also argue that the intervenor-plaintiff, Michigan Mutual, should have been ordered to share in the costs and expenses incurred in litigating this case, even absent recovery below.

Since we are remanding for a new trial, it is not

mandatory that we address this issue. However, as the issue may arise again, depending upon the outcome of the new trial, we will address it here.

This is an issue of first impression in Michigan. Other jurisdictions provide little guidance. The courts, when dealing with the sharing of the costs of recovery, generally presume recovery has been achieved. See 2A, Larson, Workmen's Compensation Law, § 74.32(a)-(e).

Both parties cite *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979), *reh den* 406 Mich 1103 (1979), which dealt with apportionment of recovery costs and expenses. In *Franges,* however, there had been a recovery. The question of apportionment where there was no recovery was not raised. Cases allocating costs and expenses have only arisen when recovery has been successful in the third-party action and are not helpful in addressing this issue.

The major obstacle to recovery of costs here, however, is the statutory language of MCL 418.827; MSA 17.237(827). The statute is clearly phrased in terms of a recovery:

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

"(6) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effect-

ing *recovery*. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. Expenses of *recovery* shall be apportioned by the court between the parties as their interests appear at the time of the *recovery*." MCL 418.827; MSA 17.237(827). (Emphasis added.)

As the trial court correctly pointed out, appellants' interpretation appears contrary to the language of the statute. On the face of the statute, it appears that expenses are contemplated only in the event of recovery, not for mere pursuit of recovery. This does not mean, of course, that, had the Legislature considered the question of costs of unsuccessful attempts at recovery, it would have included such a provision. However, the Court cannot second-guess what the Legislature would or should have done. Appellants' objections are better addressed to the Legislature. Costs and expenses were properly denied by the trial court.

## Conclusion

The trial court erred in refusing to give appellants' requested instruction on implied warranty. Appellants are therefore entitled to a new trial.

The trial court did not err, however, in refusing to order the intervenor-plaintiff to share in the costs and expenses of appellants' unsuccessful litigation. Division of costs is contemplated only where there is a recovery.

Reversed in part, affirmed in part, and remanded for a new trial.

Costs to abide the final outcome.