GLAVIN v BAKER MATERIAL HANDLING CORPORATION (ON REMAND)

Docket No. 84945. Submitted May 16, 1985, at Lansing.—Decided July 2, 1985.

Eugene R. Glavin, Jr., was injured when a co-worker backed a forklift in Glavin's direction, striking him and pinning him between two vehicles. Glavin and his wife, Rosalyn Glavin, brought suit in Wayne Circuit Court against Baker Material Handling Corporation, the manufacturer of the forklift, alleging that the forklift was defective because it did not have a beeper to signal when it was backing up and a rear-view mirror. Michigan Mutual Insurance Company, the workers' compensation insurer for Glavin's employer, intervened as a plaintiff in the action. The Glavins requested that the court instruct the jury on both negligence and breach of implied warranty. The court refused to give the instruction on implied warranty. The court, John D. O'Hair, J., entered judgment for Baker on a jury verdict of no cause of action. The court thereafter denied the Glavins' motions for a new trial and for Michigan Mutual to share in the costs and expenses of the litigation. The Glavins appealed, and the Court of Appeals reversed in part, holding that failure to instruct the jury on breach of warranty was error. The Court of Appeals affirmed the trial court's refusal to order the sharing of costs and expenses. 132 Mich App 318 (1984). Defendant Baker sought leave to appeal to the Supreme Court which, in lieu of granting leave, remanded the case to the Court of Appeals for reconsideration in light of *Prentis v Yale Manufacturing Co*, 421 Mich 670 (1984). 422 Mich 882 (1985). On remand, *held:*

1. A jury in a products liability action against a manufacturer for an alleged defect in the design of its product need

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Products Liability §§ 375-380, 870 *et seq.*

Necessity and propriety of instructing on alternative theories of negligence or breach of warranty, where instruction on strict liability in tort is given in products liability case. 52 ALR3d 101.

[2] Am Jur 2d, Products Liability §§ 364-374.

Modern cases determining whether product is defectively designed. 96 ALR3d 22.

only be instructed on a single unified theory of negligent design. In such a case, a separate instruction on breach of warranty is not necessary. Therefore, the trial court did not err in refusing to give the breach of warranty instruction.

2. The trial court properly refused to order the sharing of the costs and expenses of the litigation.

Affirmed.

1. PRODUCTS LIABILITY — JURY INSTRUCTIONS — DESIGN DEFECTS.

A jury in a products liability action against a manufacturer for an alleged defect in the design of its product need only be instructed on a single unified theory of negligent design; a separate instruction on a theory of breach of warranty is not necessary in such a case.

2. PRODUCTS LIABILITY — SAFETY DEVICES — DESIGN DEFECTS.

A manufacturer's omission of a safety device from its product renders the product defective if the omission results in a danger which is unreasonable in light of the foreseeable risks.

*Hurwitz & Karp, P.C.* (by *Miles A. Hurwitz* and *Howard I. Wallach*), for plaintiffs.

*Fox & Fletcher, P.C.* (by *Thomas G. Cardelli*), for Baker Material Handling Corporation.

ON REMAND

Before: M. J. KELLY, P.J., and HOOD and SHEPHERD, JJ.

PER CURIAM. This matter is before us pursuant to a remand by the Supreme Court "for reconsideration in light of *Prentis v Yale Manufacturing Co,* 421 Mich 670 [365 NW2d 176] (1984)". 422 Mich 882 (1985).

As noted in our prior opinion, plaintiff Eugene Glavin was injured when struck by a forklift manufactured by defendant Baker Material Handling Corporation. 132 Mich App 318, 320; 347 NW2d 222 (1984). Plaintiffs sued Baker, alleging negli-

gent design of the forklift and breach of implied warranty. *Id.,* 320-321. In particular, plaintiffs claim the vehicle "was defective because it did not have certain safety devices: a beeper to signal when [it] was backing up and a rear-view mirror". *Id.,* 320. The jury reached a verdict of no cause of action. *Id.*

We ordered a new trial, concluding that the trial court committed reversible error by refusing to instruct on plaintiffs' implied warranty theory, though it had issued instructions on negligent design:

"Since it would have been possible for the jury in the instant case to conclude that the appellee manufacturer had exercised reasonable care yet had supplied a product with a defect which was attributable to the manufacturer, the jury should have been instructed on both negligence and breach of implied warranty as requested by appellants." 132 Mich App 324.[1]

In so holding, we placed some reliance on this Court's decision in *Prentis,* 116 Mich App 466; 323 NW2d 444 (1982), a decision subsequently reversed by the Supreme Court. 421 Mich 670, *supra.* In *Prentis,* the Supreme Court held that, in a products liability action against a manufacturer for an alleged design defect, "where the jury was properly instructed on the theory of negligent design, the trial judge's refusal to instruct on breach of warranty was not reversible error". 421 Mich 691. The Court explained as follows:

"This holding is based upon the recognition that under the common law of products liability, in an

[1] We found no merit to plaintiffs' second claim, that intervenor-plaintiff Michigan Mutual Insurance Company should be ordered to share in their costs and expenses incurred in this litigation. 132 Mich App 325-326.

action against the manufacturer of a product based upon an alleged defect in its design, 'breach of implied warranty and negligence involve identical evidence and require proof of exactly the same elements.' See *Squibb, supra,* p 88.[2] A manufacturer has a duty to design its product so as to eliminate any unreasonable risk of foreseeable injury. *Owens v Allis-Chalmers Corp,* 414 Mich 413, 425; 326 NW2d 372 (1982). For the lack of reasonable care in the face of such duty, the manufacturer may be answerable in a negligence action. *Elsasser v American Motors Corp,* 81 Mich App 379, 384; 265 NW2d 339 (1978). When proceeding under a theory of implied warranty, a design defect is established by proof that the product is not reasonably safe for the uses intended, anticipated, or reasonably foreseeable. *Dooms v Stewart Bolling & Co,* 68 Mich App 5, 14; 241 NW2d 738 (1976), *lv den* 397 Mich 862 (1976). For the sale of a product defective in such respect, the seller may be answerable for breach of an implied warranty. *Elsasser, supra.* Thus, *when the issue is liability of a manufacturer who was also the seller, it is inconceivable that a jury could determine that the manufacturer had not breached its duty of reasonable care and at the same time find that the product was not reasonably safe for its reasonably foreseeable uses.* The question in either case turns on reasonable care and reasonable safety, and as pointed out by Dean Prosser, the liability of the manufacturer rests 'upon a departure from proper standards of care so that the tort is essentially a matter of negligence.'" 421 Mich 692-693, citing Prosser, Torts (4th ed), § 96, p 644. (Emphasis added.)

Moreover, in our prior opinion, we characterized as "mistaken" the view that "the statute on products liability, MCL 600.2945 *et seq.;* MSA 27A.2945 *et seq.,* had merged all former products liability theories into one single unified theory and that the jury could, therefore, only be instructed with respect to a negligence theory". 132 Mich App 323. In *Prentis, supra,* the Supreme Court, while recog-

---

[2] *Smith v E R Squibb & Sons,* 405 Mich 79; 273 NW2d 476 (1979).

nizing the continued separate existence of the two theories in certain contexts, 421 Mich 692, fn 30, held "that in a products liability action against a manufacturer, based upon defective design, the jury need only be instructed on a single unified theory of negligent design". *Id.,* 695. (Footnote omitted.)

In this case plaintiffs allege that defendant Baker manufactured a forklift which lacked certain safety devices. Such omissions render the product defective if they result in a danger which is unreasonable in light of the foreseeable risks. *Owens v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982), *Scott v Allen Bradley Co,* 139 Mich App 665, 670-671; 362 NW2d 734 (1984). We believe the Supreme Court's holding in *Prentis, supra,* is applicable to cases in which the alleged design defect is the omission of a safety device.

Upon reconsideration we reject plaintiffs' claim of instructional error and affirm the judgment of no cause of action. The balance of our prior opinion, concerning plaintiffs' argument that Michigan Mutual Insurance Company should share in the costs and expenses incurred in litigating this case, remains unchanged.

Affirmed.