## MASON v SCARPUZZA

Docket No. 74718. Submitted November 9, 1984, at Lansing.—Decided
    November 18, 1985.

Mary Lou Mason was injured in 1979 in an automobile accident
    during the course of her employment with American Airlines.
    She was riding as a passenger in an automobile owned by
    Martell Realty Corporation and Ann Arbor Inn Management
    Corporation and operated by James R. Scarpuzza at the time of
    the accident. Mason received no-fault insurance benefits for a
    period of three years after the accident and then began receiv-
    ing workers' compensation benefits from Travelers Insurance
    Company, the worker's compensation insurance carrier for
    American Airlines. On November 9, 1981, Mason filed suit
    against Scarpuzza, Martell Realty Corporation, and Ann Arbor
    Inn Management Corporation in Washtenaw Circuit Court. On
    May 17, 1982, Traverlers Insurance Company filed a notice of
    lien against any settlement or judgment Mason might secure in
    the lawsuit. Travelers then filed a motion to intervene in the
    lawsuit. The court, Henry T. Conlin, J., ruled that Travelers's
    request to intervene would be granted if the parties could agree
    on a cost-sharing plan. No cost-sharing plan was entered into,
    and the court issued an order denying Travelers's request to
    intervene. Travelers appealed, contending that its statutory
    right to intervene is unrestricted and not subject to the trial
    court's discretion and that the Worker's Disability Compensa-
    tion Act (WDCA) provides that the apportionment of costs occurs

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 71, 423, 439.
Third-party tortfeasor's right to have damages recovered by em-
    ployee reduced by amount of employee's workers compensation
    benefits. 43 ALR4th 849.
Right of health or accident insurer to intervene in worker's com-
    pensation proceeding to recover benefits previously paid to claim-
    ant or beneficiary. 38 ALR4th 355.
Modern status of effect of state workmen's compensation act on
    right of third-person tortfeasor to contribution or indemnity from
    employer of injured or killed workman. 100 ALR3d 350.
Effect of injured employee's proceeding for workmen's compensation
    benefits on running of statute of limitations governing action for
    personal injury arising from same incident. 71 ALR3d 849.

after recovery and therefore the trial court's condition was contrary to the WDCA. *Held:*

Travelers had a statutory right to intervene in plaintiff's action. The trial court incorrectly conditioned the grant of Travelers's intervention request upon an apportionment of plaintiff's prerecovery expenses.

Reversed and remanded.

BEASLEY, J., dissented. He would hold that the trial court had discretion, under both the WDCA and the court rules, to spell out equitable conditions under which Travelers could intervene into plaintiff's case. He would affirm the trial court's decision.

### OPINION OF THE COURT

1. ACTIONS — INTERVENTION — THIRD-PARTY TORTFEASORS — WORKERS' COMPENSATION — REIMBURSEMENT OF BENEFITS PAID.

A workers' compensation insurer which has paid workers' compensation benefits to an injured employee is a real party in interest in an action brought by the injured employee against a third-party tortfeasor which caused the injury and has a statutory right to intervene in the action (MCL 418.827[1]; MSA 17.237[827][1]; GCR 1963, 290.1).

2. ACTIONS — INTERVENTION — WORKERS' COMPENSATION — APPORTIONMENT OF COSTS.

Intervention by a workers' compensation insurer into an action brought by an injured employee who has received workers' compensation benefits against a third-party tortfeasor who caused the employee's injury cannot be conditioned upon an apportionment of the employee's prerecovery expenses; the apportionment of expenses is not made by the court until after there has been a recovery (MCL 418.827[6]; MSA 17.237[827][6]).

### DISSENT BY BEASLEY, J.

3. ACTIONS — INTERVENTION — THIRD-PARTY TORTFEASORS — WORKERS' COMPENSATION — APPORTIONMENT OF COSTS.

*A trial court can properly limit or condition intervention by a workers' compensation insurer into an injured employee's lawsuit against a third-party tortfeasor on the sharing of the costs and risks of litigation even though the apportionment of expenses cannot be made by the court until after there has been a recovery (MCL 418.827[1], [6]; MSA 17.237[827][1], [6]; GCR 1963, 209.2).*

4. ACTIONS — INTERVENTION — DELAY.

*A prospective intervenor loses his right to intervene into an action if he delays unreasonably.*

*Taylor, Carter, Butterfield, Riseman, Clark & Howell, P.C. (by Carl M. Riseman),* for plaintiff.

*Lacey & Jones (by Phillip G. Rosenberg),* for Travelers Insurance Company.

Before: M. J. KELLY, P.J., and BEASLEY and M. R. STEMPIEN,* JJ.

M. R. STEMPIEN, J. Travelers Insurance Company appeals as of right from the trial court's denial of its motion to intervene in Mary Lou Mason's third-party tort action under MCL 418.827; MSA 17.237(827). We reverse.

On August 17, 1979, Mary Lou Mason (plaintiff) was injured in an automobile accident during the course of her employment with American Airlines. She was a passenger in an automobile owned by Martell Realty Corporation and Ann Arbor Inn Management Corporation and operated by James R. Scarpuzza. On November 9, 1981, plaintiff commenced a tort action against Scarpuzza, Martell, and Ann Arbor Inn alleging that the vehicle was being operated in a reckless and negligent manner and that, as a result, plaintiff "sustained and incurred hospital and medical expenses and will continue to incur same and she has incurred a great deal [of] pain and suffering and will continue to incur pain and suffering in the future and that her injuries are permanent in nature; [and that] * * * she sustained serious impairment of bodily function".

Plaintiff received no-fault benefits for three years following the accident. On August 17, 1982, Travelers, as the workers' compensation insurance carrier for American Airlines, began to pay plaintiff $175 a week in workers' compensation bene-

* Circuit judge, sitting on the Court of Appeals by assignment.

fits. Through mid-April of 1984, Travelers paid $23,335 in weekly compensation benefits and $6,-456 in medical costs. On May 17, 1982, Travelers filed a notice of lien against any settlement or judgment plaintiff might secure in her lawsuit against Scarpuzza, Martell, and Ann Arbor Inn.

On July 8, 1983, Travelers filed a motion to intervene in the lawsuit pursuant to § 827(1) of the Worker's Disability Compensation Act (WDCA), MCL 418.827(1); MSA 17.237(827)(1). The trial court ruled from the bench that it would grant Travelers's intervention request provided that the parties could agree on a cost-sharing plan. Evidently no cost-sharing agreement was entered into because on August 26, 1983, the trial court issued an order denying Travelers's request to intervene. On October 13, 1983, the trial court denied Travelers's request for a rehearing on its intervention motion and this appeal followed.

The sole issue on appeal is whether Travelers had an unconditional right to intervene in plaintiff's action against Scarpuzza, Martell, and Ann Arbor Inn under § 827 of the WDCA.[1]

[1] There has been no claim on appeal that the workers' compensation insurance carrier would not be entitled to share in the plaintiff's recovery because of the application of the no-fault act to the present controversy. In *Great American Ins Co v Queen*, 410 Mich 73; 300 NW2d 895 (1980), the Supreme Court discussed the interplay between the Worker's Disability Compensation Act and the no-fault act with respect to the issue of reimbursement for benefits paid. Given the present posture of the case, it is unknown whether the workers' compensation carrier will in fact be seeking reimbursement for payments which substitute for no-fault benefits "otherwise payable". Thus, there would be no reason to deny Travelers's request to intervene in this action on this ground. In fact, *Queen* permits a workers' compensation carrier to receive reimbursement from third-party tort recoveries in the same manner as the payment of workers' compensation benefits for non-motor vehicle related injuries when the workers' compensation benefits do not substitute for no-fault benefits otherwise payable. 410 Mich 73, 97. In this case, plaintiff is suing for pain and suffering damages based upon her alleged serious impairment of bodily function. These are not the kind of damages "otherwise payable" under the no-fault act. See MCL 500.3135(1); MSA 24.13135(1).

Travelers argues that its statutory right to intervene in this lawsuit is unrestricted and not subject to the trial court's discretion. It maintains that the WDCA provides that the apportionment of costs occurs *after* recovery and, therefore, that the trial court's condition was contrary to the WDCA.

As of the date of this appeal, plaintiff has not recovered a settlement or judgment in her cause against Scarpuzza, Martell, and Ann Arbor Inn.

The basis of the trial court's decision not to allow intervention was that it believed that plaintiff was entitled to recover her costs expended thus far in the case and, if no agreement to that effect could be reached, Travelers would not be permitted to intervene in the action.

GCR 1963, 209.1 provides in relevant part as follows:

"Intervention of Right. Anyone shall be permitted to intervene in an action

"(1) when a statute of this state or a court rule confers an unconditional right to intervene * * *."

Section 827(1) provides that "[a]ny party in interest shall have a right to join in the action". Because the statute grants a carrier who has paid compensation a substantive right to recover against a third-party tortfeasor, there is no question but that the insurance carrier is a real party in interest. See, *e.g., Muskegon Hardware & Supply Co v Green,* 343 Mich 340, 346; 72 NW2d 52 (1955); *Detroit v Spivey,* 68 Mich App 295, 299-300; 242 NW2d 561 (1976). Therefore, Travelers had the statutory right to intervene in plaintiff's action against Scarpuzza, Martell, and Ann Arbor Inn.

Therefore, the pleadings indicate that Travelers is not seeking reimbursement for payments which substituted for no-fault benefits otherwise payable. See and compare *Bialochowski v Cross Concrete Pumping Co, Inc,* 141 Mich App 315; 367 NW2d 381 (1985).

Neither the court rule nor the WDCA provides for a conditional right to intervene as proposed by plaintiff. The apportionment of expenses is not made by the court until *after* there has been a recover. MCL 418.827(6); MSA 17.237(827)(6); *Glavin v Baker Material Handling Corp,* 132 Mich App 318, 324-326; 347 NW2d 222 (1984), *remanded on other grounds* 422 Mich 882 (1985). Therefore, the trial court incorrectly conditioned the grant of Travelers's intervention request upon an apportionment of plaintiff's prerecovery expenses.

Plaintiff's reliance upon *Harrison v Ford Motor Co,* 370 Mich 683; 122 NW2d 680 (1963), is misplaced. Unlike the situation here, *Harrison* involved an insurance carrier which represented both sides to the controversy. The Court held that under those circumstances, because "[o]ne may not sue himself", the insurance carrier could not intervene but, rather, had to await reimbursement from the plaintiff's recovery in the action. *Harrison, supra,* p 687.

For the reasons stated, we hold that Travelers had the right to intervene in the present action.[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

M. J. KELLY, P. J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent.

It is clear that once the workers' compensation carrier is allowed to intervene under GCR 1963, 209, the apportionment of expenses cannot be made by the trial court until after there has been

---

[2] GCR 1963, 209.1 did not make provision for inquiring into the timeliness of an intervention request. On remand, subject to MCR 1.102, the lower court may determine whether, under MCR 2.209(A)(1), Travelers's aplication to intervene was timely filed.

a recovery.[1] But, prior to allowing the carrier to intervene, the trial court can exercise its discretion and condition intervention on the sharing of the costs and risks of litigation. In this case, the trial court properly did not permit intervening appellant, Travelers Insurance Company, to sit back and wait for plaintiff to prepare the case for trial and then to intervene and reap the benefits of plaintiff's preparation expenses.

Plaintiff, Mary Lou Mason, was required to expend over $4,000 in costs of preparation for trial. In addition, plaintiff is obligated to her counsel under a contingent fee agreement. Travelers waited for over a year from the time plaintiff filed the suit before seeking to intervene. Under these circumstances, the trial court had discretion to spell out equitable conditions under which Travelers could intervene into plaintiff's case.

There are two sources that justify the exercise of discretion by the trial court in this case. First, the right to intervene under MCL 418.827(1); MSA 17.237(827)(1) is not unconditional. In *Harrison v Ford Motor Co*,[2] the Michigan Supreme Court expressly held that the right of the insurer to intervene as a party plaintiff was not absolute. While this case could be limited to its unique facts where the insurer had an interest in both sides of the litigation, it should not be so narrowly limited. A United States District Court, in applying Michigan law, used the *Harrison* decision to limit an insurer's right to intervene with full participatory rights as a party plaintiff where the insurer did not have an interest in both sides of the litigation.[3]

[1] MCL 418.827(6); MSA 17.237(827)(6); *Glavin v Baker Material Handling Corp*, 132 Mich App 318; 347 NW2d 222 (1984), *remanded on other grounds* 422 Mich 882 (1985).

[2] 370 Mich 683; 122 NW2d 680 (1963).

[3] *Harris v General Coach Works*, 37 FRD 343 (ED Mich, 1964).

Thus, a trial court can properly limit, or condition, the intervention of an insurer exercising its "right to join" provided in MCL 418.827(1); MSA 17.237(827)(1). Therefore, the proper court rule to apply is GCR 1963, 209.2, now MCR 2.209(B), since the statutory right to intervene involved in this case is conditional, not unconditional, as required by GCR 1963, 209.1(1), now MCR 2.209(A)(1). Under GCR 1963, 209.2, intervention is permissive, and the trial court has a great deal of discretion in granting or denying such intervention. The trial judge in the within case did not abuse his discretion or violate Travelers's statutory right to intervention by imposing equitable conditions upon its exercise.

But even if Travelers's right to intervene is "unconditional" for purposes of the court rules and GCR 1963, 209.1(1) applies, the second source of trial court discretion would allow the court to place conditions on Travelers's right to intervene. This second source of court discretion is based on the lack of timeliness in Travelers's assertion of its right to intervene. GCR 1963, 209.1(1) was modeled after the Federal Rule of Civil Procedure on intervention,[4] except that it did not, in so many words, include the federal rule requirement of timely application. In addition, the new MCR 2.209(A)(1), which replaces GCR 1963, 209.1(1), now includes a requirement of timely application. Consequently, it has been contended that GCR 1963, 209.1 did not require timely application. However, for consideration of pragmatism and equity, there must be some point at which a prospective intervenor, even under GCR 1963, 209.1, will have lost his right of intervention if he has delayed unreasonably.

There are no cases squarely addressing this

[4] FR Civ P, 24(a).

issue of trial court discretion when the application for intervention under GCR 1963, 209.1(1) is substantially untimely and tardy. Many cases in this Court have held that the trial court does have discretion on whether to allow a late intervenor as of right to enter a case under GCR 1963, 209.1(3), which expressly requires timely application.[5] Although GCR 1963, 209.1(1) does not expressly require timely application, the trial court must be allowed, at some point, to limit intervention which would unfairly allow an insurer to sit back for a period of over a year while the plaintiff incurs substantial time and expense in preparation for litigation. The trial judge is not required to allow an insurer to intervene at the last minute and share in all the gains of the plaintiff's expenses and efforts or walk away completely free if the plaintiff fails to recover.

In fact, the possibility of unfair, risk-free intervention a year down the road from the start of costly litigation justifies a trial court's application of equitable conditions to the intervention. Cases such as this, in which the statutory right to intervene is exercised, will necessarily vary greatly. The time of the attempt to intervene, promptness of investigation, the nature of damages, and other factors will enter into the question of whether conditions need to be attached to intervention. Such matters are best reviewed within the factual context of a particular case by exercise of the trial judge's discretion.

The right to intervene under GCR 1963, 290.1 or 209.2 is not unconditional. In this case, I do not consider that the trial court has violated Travelers's statutory right to intervene by imposing con-

---

[5] See *Dudkin v Civil Service Comm*, 127 Mich App 397, 404; 339 NW2d 190 (1983); *American States Ins Co v Albin*, 118 Mich Appp 201, 209; 324 NW2d 574 (1982), *lv den* 417 Mich 955 (1983).

ditions upon its exercise. No abuse of discretion
occurred here.