## KIM v FORD MOTOR COMPANY

Docket Nos. 93507, 94398. Submitted December 9, 1987, at Detroit. Decided August 15, 1988.

Plaintiffs, Thomas and Eunja Kim, brought a products liability action in the Wayne Circuit Court against Wean United and Ford Motor Company seeking damages for injuries received by Thomas Kim in the course of his employment as a machine operator. Argonaut Insurance Company, the workers' compensation carrier for Kim's employer, filed an intervening complaint against Ford, the former owner of the machine, seeking reimbursement for the benefits it paid to Thomas Kim out of any recovery which Kim might realize. Prior to trial, plaintiffs and Argonaut settled their claim against Wean United, the successor to the manufacturer of the machine. Argonaut received one-third of the $85,000 recovered but made it clear that it intended to recover its entire outstanding lien of $165,000 against any monies plaintiffs received from Ford. The case proceeded to trial and Argonaut waived its right to be present, apparently receiving the court's permission to be excused from the trial. Following a jury verdict of no cause of action in favor of Ford, the trial court, William J. Giovan, J., entered a judgment for Ford against plaintiffs and Argonaut and allowed for the taxation of costs. Ford submitted its bill of costs and Argonaut filed objections to the costs and a motion for relief or amendment of the order of judgment. The court granted Ford costs of $11,222.98 and denied Argonaut's motion for relief from the judgment. Argonaut appealed, Court of Appeals Docket No. 93507. After learning that Ford intended to enforce the order for costs solely against Argonaut, Argonaut filed a motion to allocate the bill of costs between plaintiffs and Argonaut. The trial court denied the motion on the basis that it lacked jurisdiction to alter its order since Argonaut had filed an appeal from the order. Argonaut appealed, Court of Appeals Docket No. 94398. The appeals were consolidated by the Court of Appeals.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Workers' Compensation §§ 71, 439.
See the Index to Annotations under Workers' Compensation.

1. A workers' compensation insurance carrier which intervenes in an action to enforce the liability of a third-party tortfeasor is subject to taxation of costs when it does not prevail at trial. Since the intervenor is a party in interest for purposes of recovery, it remains a party in interest for purposes of taxation of costs. Argonaut's decision not to participate does not affect its standing nor its liability.

2. Argonaut's insistence on its right to recover the full amount of its lien forced plaintiffs to reject repeated settlement offers. Its position influenced the entire proceedings. There is no basis for relieving Argonaut's obligation to pay costs.

3. The trial court properly held that it lacked jurisdiction to modify its trial order after Argonaut had filed a claim of appeal from that order.

4. The agreement between the plaintiffs and Argonaut that Argonaut receive one-third of the settlement with Wean United does not control and subject Argonaut to liability for only one-third of the costs.

Affirmed.

1. Workers' Compensation — Third-Party Tortfeasors — Actions.

A workers' compensation insurance carrier which intervenes in an action by an injured insured employee to enforce the liability of a third-party tortfeasor and who elects not to actively participate in the proceedings while remaining a real party in interest entitled to participate in any recovery remains a party in interest for the purpose of taxation of costs (MCL 418.827; MSA 17.237[827]; MCR 2.625[A][1]).

2. Appeal — Amendment of Orders — Jurisdiction.

A trial court lacks jurisdiction to amend or set aside its judgment or order once a claim of appeal from the judgment or order has been filed (MCR 7.208).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Gregory M. Janks*), for plaintiffs.

*Franklin, Bigler, Berry & Johnston, P.C.* (by *Lisa C. DeGryse*), for Argonaut Insurance Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Gary A. Maximiuk*), for Ford Motor Company.

Before: BEASLEY, P.J., and DOCTOROFF and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Intervening plaintiff, Argonaut Insurance Company, appeals as of right from a trial court's order entering judgment against Argonaut and plaintiffs, and awarding costs to defendant, Ford Motor Company, and against plaintiffs and intervening plaintiff. We affirm.

Plaintiff Thomas Kim was injured in the course of his employment as a machine operator. Plaintiffs later filed a complaint alleging products liability against Wean United, the successor to the manufacturer of the machine, and against Ford Motor Company, the former owner of the machine. Argonaut Insurance Company, the workers' compensation carrier for Kim's employer, filed an intervening complaint against defendants, incorporating by reference all allegations contained in plaintiffs' complaint and seeking reimbursement for the benefits it had paid to Thomas Kim out of any recovery which Kim might realize pursuant to the products liability action.

Prior to trial, plaintiffs and intervening plaintiff settled their claim against Wean United for $85,000. Argonaut accepted one-third of that amount. However, according to the parties and the transcript provided, Argonaut made clear that it intended to recover its entire outstanding lien of $165,000 against any monies plaintiffs received from Ford Motor Company.

The case proceeded to trial against Ford Motor Company. At the outset, Argonaut waived its right to be present during the proceedings and apparently received the trial court's permission to be excused from the trial. Apparently, Argonaut had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

no further involvement until after the judgment was entered.

A lengthy trial ensued. Defendant and plaintiffs conducted settlement negotiations throughout the course of the proceedings and through jury deliberations. Defendant's final offer of $225,000 was rejected by plaintiffs and plaintiffs' counterdemand of $277,000 was, in turn, rejected by defendant. Argonaut contends, and plaintiffs do not dispute, that Argonaut was never apprised of the negotiations.

Following deliberations, the jury returned its verdict of no cause of action in favor of defendant. On February 13, 1986, the court entered judgment in favor of defendant and against plaintiffs and intervening plaintiff and allowed for the taxation of costs. Defendant later submitted its taxed bill of costs totaling $14,066.54. Argonaut filed objections to the costs and also filed a motion for relief or amendment of the court's order of judgment.

The trial court granted defendant costs of $11,222.98 and denied Argonaut's motion for relief from the judgment. The court found that Argonaut was a party to the action and that it was properly subject to costs. Argonaut appealed to this Court.

After learning that defendant intended to enforce the order for costs solely against the insurance carrier, Argonaut filed a motion in the trial court to allocate the bill of costs between plaintiffs and itself. The trial court denied the motion on the basis that it lacked jurisdiction to alter its order as Argonaut had filed a claim of appeal. Argonaut then appealed from the denial of its motion. The appeals were consolidated by the Court of Appeals.

Argonaut raises two issues in this appeal, the first of which is one of first impression; that is, whether a workers' compensation insurance carrier, which intervenes in an action to enforce the

liability of a third-party tortfeasor, pursuant to MCL 418.827; MSA 17.237(827), is subject to taxation of costs when it does not prevail at trial. We answer affirmatively.

MCR 2.625(A)(1) provides that costs will be allowed to the prevailing party unless prohibited by statute or court rule. It cannot be disputed that defendant was the prevailing party. Moreover, while this intervening plaintiff may have elected not to actively participate in the proceedings, it remained a real party in interest to the litigation. *Mason v Scarpuzza,* 147 Mich App 180; 383 NW2d 158 (1985).

The intervenor filed its complaint, had a right to be present and participate in the proceedings and clearly would have participated in any recovery. In addition, pursuant to MCL 418.827; MSA 17.237(827), the insurance carrier had a substantial right to recover against the third-party tortfeasor. Since the intervenor is a party in interest for purposes of recovery, it remains a party in interest for the purpose of taxation of costs. Argonaut's decision not to participate does not affect its standing nor its liability.

Argonaut argues that plaintiffs were the parties in control of the litigation and, hence, they alone should be subject to costs. However, the facts as presented to this Court do not support this proposition. At the hearing on Argonaut's motion for relief, the trial court specifically recalled that it was Argonaut's insistence on its right to recover the full amount of its lien which forced plaintiffs to reject repeated settlement offers. This interpretation is supported by the facts as recounted by both plaintiffs Kim and defendant. Accordingly, while the intervenor did not actively participate in the trial or the negotiations, its position influenced the entire proceedings.

Argonaut also contends that subsections (5) and (6) of § 827 prohibit the taxation of costs to the unsuccessful intervenor. We are unable to accept this contention. In fact, the statute is silent as to costs in the event of a failure to recover and does not proscribe taxation to the intervenor. The cases cited by Argonaut also fail to directly address the present issue. *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979), dealt only with the apportionment of the expenses of recovery between the injured employee and compensation carrier when the plaintiff is successful and is silent on the present question. Similarly, *Glavin v Baker Material Handling Corp,* 132 Mich App 318; 347 NW2d 222 (1984), remanded on other grounds 422 Mich 882 (1985), dealt only with the problem of expenses of recovery and not with costs.

Unlike litigation expenses incurred by an unsuccessful plaintiff, certain trial costs are expressly allowed to the prevailing party by court rule. Here, defendant, the prevailing party, had an undisputed right to be awarded costs and the intervening plaintiff, a real party in interest to the litigation, was subject to their payment. In light of the facts in the instant case and upon review of the relevant court rule, statutes and case law, we can find no basis for relieving the intervening plaintiff of its obligation to pay costs to the prevailing party.

Appellant's second claim is that the trial court erred in finding that it lacked jurisdiction to modify its trial order after Argonaut had filed a claim of appeal from that order. We disagree. MCR 7.208 provides that, once a claim of appeal has been filed, the trial court may not amend or set aside the judgment or order appealed from. Once Argonaut filed its claim of appeal, the court lacked jurisdiction to amend or modify the order appealed

from. Argonaut's attempt to characterize its motion as a request for a clarification or determination is not persuasive. The trial court properly denied Argonaut's motion.

Neither are we persuaded that Argonaut should be subject to only one-third of the costs. While Argonaut and the Kims may have agreed to divide the original $85,000 settlement in this manner, their prior agreement does not control the trial court's decision or the defendant's right to payment of costs.

Finally, we note that plaintiffs Kim have also raised an issue on appeal regarding their agreement with defendant. However, plaintiffs did not file a claim of appeal and this issue is not properly before this Court. *Michigan Ass'n of Administrative Law Judges v Personnel Director of the State of Michigan,* 156 Mich App 388; 402 NW2d 19 (1986). See also *Peisner v The Detroit Free Press, Inc,* 421 Mich 125, 129, n 5; 364 NW2d 600 (1984), reh den 421 Mich 1202 (1985).

Affirmed.